LYNDA TURNER PRESSON v. HAROLD BENJAMIN PRESSON

No. 7126DC466

(Filed 4 August 1971)

Divorce and Alimony § 18— husband's offer of indignities to wife — insufficiency of evidence

Evidence that the husband does not take the wife out very often, that he has not given her anniversary or birthday gifts for the past five years, that the husband is the quiet type and there is a lack of communication between the parties, that the husband does not spend much time at home, and that the husband is usually at work, at home or at his mother's home working on his car, *held* insufficient to support a finding that the husband has offered such indignities to the wife as to render her condition intolerable and her life burdensome.

APPEAL by defendant from *Stukes, District Judge,* 29 March 1971 Session of MECKLENBURG District Court.

Plaintiff instituted this action seeking alimony without divorce, exclusive custody of the minor child of the marriage, alimony *pendente lite* and attorney's fees, and exclusive possession for herself and the minor child of the home as well as a 1970 Volkswagen. Plaintiff bases her claim on G.S. 50-16.2(7) which allows alimony where the supporting spouse offers such indignities to the person of the dependent spouse as to render his or her condition intolerable and life burdensome. This appeal is from an order awarding temporary alimony, etc.

At the conclusion of all of the evidence presented at the hearing, the trial judge found and concluded that defendant, through a course of studied neglect, has offered such indignities

to the person of plaintiff as to render her condition intolerable and life burdensome without sufficient cause or provocation on the part of plaintiff; that defendant is supporting spouse and plaintiff is dependent spouse and plaintiff is in need of financial support from the defendant; that the child of the marriage is in need of support of defendant; that plaintiff is a fit and proper person to have custody of the child; that defendant is gainfully employed and has a net take home pay of between $225.00 and $250.00 every two weeks and plaintiff nets approximately $260.00 per month; that plaintiff and the minor child are in need of the home of the parties; that plaintiff's reasonable needs for support of herself and the minor child amount to at least $555.00 per month; and that plaintiff is unable to fully defer legal expenses in connection with this action.

Pursuant to his findings and conclusions, the trial judge entered an order granting plaintiff the following relief: awarding her exclusive custody and control of the child, with defendant to have reasonable visitation privileges; that defendant pay $25.00 per week for child support; that the mobile home and lot be sequestered to the use of plaintiff and the child; that defendant make the monthly payments of $160.83 on the mobile home and $65.00 per month on the lot; that defendant pay $15.00 per week as partial support for plaintiff; and that defendant pay $150.00 as partial fees for plaintiff's attorney. Defendant appealed from the order.

*Edwards and Millsaps by Joe T. Millsaps for plaintiff appellee.*

*Weinstein, Sturges, Odom & Bigger by T. LaFontine Odom for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the denial of his motion to dismiss made at the close of plaintiff's evidence and renewed at the close of all the evidence. Such a motion, apparently made under Rule 41 (b), in an action or cause tried by the court without a jury challenges the sufficiency of the plaintiff's evidence to establish her right to relief. *Wells v. Sturdivant Life Ins. Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971). In determining the sufficiency of the evidence in this cause, when the trial judge

denied defendant's motion for dismissal, he was subject to the same principles applicable under our former procedure with respect to the sufficiency of the evidence to withstand the motion for nonsuit. *Wells v. Sturdivant Life Ins. Co., supra.*

We are of the opinion that plaintiff's evidence, together with pertinent evidence presented by defendant, did not make out a *prima facie* case and was not sufficient to support the order in her favor. Defendant's motion to dismiss should have been granted.

In cases involving alimony without divorce on the grounds that defendant has offered such indignities to the plaintiff as to render her condition intolerable and life burdensome, our courts have not agreed upon an undeviating rule as to what constitutes "such indignities" but leave it to the courts to deal with each particular case and to determine it upon its own peculiar circumstances. *Barwick v. Barwick,* 228 N.C. 109, 44 S.E. 2d 597 (1947). *Sanders v. Sanders,* 157 N.C. 229, 72 S.E. 876 (1911). *Taylor v. Taylor,* 76 N.C. 433 (1877).

Here, we have the unusual case of the parties living together at the time the action was instituted and the hearing held. The substance of plaintiff's evidence showed: Defendant does not take her out very often. Although he has regularly given her Christmas gifts, he has not given her anniversary or birthday gifts for the past five years. Defendant is the quiet type and there is a lack of communication between the two of them. Defendant does not spend much time at home but "when I want to get in touch with him, I have no problem. He would be at work, at home, or working on his car at his mother's home." Defendant did not take plaintiff to the annual Christmas party given at his place of employment in December 1970. Defendant is a steady worker and misses very little work; he is a good father and loves his daughter; and he has done a considerable amount of work about the mobile home. Plaintiff admitted that the failure to receive anniversary or birthday presents had not bothered her much. Defendant stated on cross-examination that he did not love his wife but did not hate her; that his failure to love her was because she misled him into marrying her in that she claimed to be pregnant when in fact she was not.

Considering all the pertinent evidence, we cannot say that it shows that defendant has offered such indignities to the plaintiff as to render her condition intolerable and life burdensome.

For the reasons stated, the judgment of the trial court is

Reversed.

Judges MORRIS and PARKER concur.