Ramsey v. Ramsey

SHIRLEY T. RAMSEY v. ROBERT EUGENE RAMSEY
AND BYRD E. BRITTAIN

No. 7226SC654

(Filed 22 November 1972)

Automobiles § 50; Negligence § 29— automobile collision — personal injury — sufficiency of evidence to withstand nonsuit

The trial court properly denied defendant's motion to dismiss a personal injury action against him where the evidence tended to show that plaintiff was injured when defendant's car in which she was a passenger and the car of her defendant husband collided as a result of the negligence of the two drivers in operating their vehicles at speeds greater than were reasonable and prudent under the circumstances, failing to keep their vehicles under proper control and failing to reduce their speed in order to avoid colliding with each other's vehicle.

APPEAL by defendant Brittain from *Chess, Special Judge,* 10 April 1972 Schedule "D" Session of Superior Court held in MECKLENBURG County.

Personal injury action tried by the court without a jury. The court concluded from extensive findings of fact that plaintiff's injuries were proximately caused by the joint and concurring negligence of defendants in driving their vehicles at a speed greater than was reasonable and prudent under conditions existing, failing to keep their vehicles under proper control and failing to reduce their speed in order to avoid colliding with each other's vehicle. Damages in the sum of $8,000.00 were awarded plaintiff. Defendant Brittain appeals.

*Richard A. Cohan for plaintiff appellee.*

*Hedrick, McKnight, Parham, Helms, Warley & Kellam by Thomas A. McNeely for defendant appellant Byrd E. Brittain.*

GRAHAM, Judge.

The only question of substance raised by this appeal is whether the trial judge erred in denying appellant's motion to dismiss made at the close of plaintiff's evidence and renewed at the close of all the evidence. We hold that he did not.

Appellant's motion to dismiss, made pursuant to G.S. 1A-1, Rule 41 (b), challenged the sufficiency of the evidence to establish plaintiff's right to relief, and in passing on the motion the trial judge was guided by the same principles expressed under our former procedure with respect to the sufficiency of the evidence to withstand the motion of nonsuit. *Presson v. Presson,* 12 N.C. App. 109, 182 S.E. 2d 614; *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806.

The evidence, when considered in the light most favorable to plaintiff, tends to show the following: On 17 August 1968 plaintiff was living separate and apart from her husband, defendant Ramsey. She was dating defendant Brittain on that evening and riding as a passenger in his automobile. Defendant Ramsey drove from a grill parking lot behind Brittain and passed him. Brittain then drove around Ramsey and proceeded to take a detour "so he wouldn't follow us." Brittain eventually drove onto Interstate Highway # 85 and proceeded south. Ramsey followed, drove around Brittain, and slowed to around 35 to 40 miles an hour. Brittain passed Ramsey again and then drove in the outside lane of the two southbound lanes. Ramsey pulled up alongside Brittain in the inside lane, and both defendants proceeded to drive side by side at speeds of 65 to 70 miles per hour for about a mile and a half, at which point the fronts of the vehicles collided, causing Brittain's automobile to strike the guardrail and injure plaintiff. While driving alongside Ramsey, Brittain would look at him and then look back at the road.

Appellant makes no contention that plaintiff was contributorily negligent, nor does he contend that he was frightened by Ramsey or had any other reason to drive alongside of him at

a high rate of speed for a mile and a half. His position is that by failing to show which lane the vehicles were in at the time of the collision, plaintiff failed to show that any negligence on appellant's part was a proximate cause of her injury. We do not agree. The immature and perilous conduct of both men in the operation of their automobiles invited the consequences that followed. As stated in *Groome v. Davis*, 215 N.C. 510, 514, 2 S.E. 2d 771, 773, "there is more involved in speed than the mere chance of being at a particular spot at a given instant. The event may not be left in the lap of the gods, when it should have been kept in the hands of the driver." While there is no allegation or contention by plaintiff that the men were engaged in speed competition, as that term is used in the statutes, we are nevertheless of the opinion that their conduct amounted to a joint tort in which each must be responsible for the acts of the other. Consequently, the fact Brittain's automobile may have been in its proper lane when the vehicles collided is immaterial. See *Boykin v. Bennett*, 253 N.C. 725, 118 S.E. 2d 12, and authorities collected there.

No error.

Judges BROCK and VAUGHN concur.