LEE ROY CABE v. JOHNNIE LOU CABE

No. 7322DC514

(Filed 19 December 1973)

Divorce and Alimony § 18— failure to show dependency of spouse — award of alimony pendente lite error

Where defendant wife offered evidence that she had an income of $300, plus, per month and that she had expenses of a home payment, automobile insurance and property taxes of $116.90 per month, she failed to show that she was a dependent spouse or to show that she did not have sufficient means whereon to subsist during the action and to defray its necessary expenses; therefore, the trial court erred in awarding defendant wife alimony *pendente lite* and counsel fees.

APPEAL by plaintiff from *Cornelius, District Judge,* 29 December 1972 Session of District Court held in DAVIDSON County.

Plaintiff-husband, Lee Roy Cabe, seeks an absolute divorce on the grounds of one year's separation. Defendant-wife, Johnnie Lou Cabe, filed an answer and counterclaim alleging grounds for alimony without divorce in bar of husband's action.

On 29 December 1972 a hearing was held on defendant's motion in the cause for alimony pendente lite and counsel fees. Defendant offered evidence of her employment, partial payments made by defendant on accrued debts and assessments, and assets either owned or in sole possession of the defendant.

The trial court found facts and concluded as a matter of law that defendant-wife is a dependent spouse within the meaning of G.S. 50-16.1(3); that plaintiff-husband is a supporting spouse within the meaning of G.S. 50-16.1(4); that defendant has met the requirements of G.S. 50-16.3 and is entitled to an

award of alimony pendente lite; and that defendant is entitled to an award of counsel fees pendente lite.

The trial court ordered plaintiff to pay the defendant monthly the sum of $101.90 for maintenance and support, to pay the 1972 Davidson County taxes and assessments on the real and personal property of the defendant, and all subsequent real and personal property taxes, and to maintain in effect an automobile liability insurance policy on defendant's 1962 Ford. Plaintiff was also ordered to pay to the attorneys for defendant counsel fees in the amount of $250.00.

*Wilson and Biesecker, by Joe E. Biesecker, for plaintiff-appellant.*

*Klass and Beeker, by Ned A. Beeker, for defendant-appellee.*

BROCK, Chief Judge.

G.S. 50-16.3 establishes the requirements for an award of alimony pendente lite. In the first place the applicant must be a dependent spouse. Once it is established that the applicant is a dependent spouse it must appear that such spouse: (1) prima facie, is entitled to the relief demanded in the action (i.e., absolute divorce, divorce from bed and board, annulment, or alimony without divorce); and (2) does not have sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

Conceding, without deciding, that defendant in this case has established, prima facie, the grounds upon which she bottoms her action for alimony without divorce, she has failed to offer evidence to show that she is a dependent spouse or to show that she does not have sufficient means whereon to subsist during this action and to defray its necessary expenses.

The evidence offered upon the hearing shows, and the judgment appealed from finds, the following with respect to the wife's finances:

She has a net take home pay of $75.00 per week ($300.00, plus, per month).

She has expenses, computed on a monthly basis, of home payment $101.90, auto insurance $6.50, and property taxes $8.50 (a total of $116.90 per month).

It seems obvious that she has other monthly expenses but the court is not permitted to speculate, as to the amount. The courts are not blind to the fact that day to day living is expensive, but each person's situation is different. Each case presents different circumstances and the burden is upon the applicant for alimony, or alimony pendente lite, to offer evidence to establish the need in each case.

Reversed and remanded.

Judges BRITT and BALEY concur.