ZAKIE G. BEALL v. LESTER T. BEALL

No. 7518DC279

(Filed 6 August 1975)

1. **Divorce and Alimony § 11— findings of trial court — no prejudice to defendant**

   Trial court's findings concerning defendant's income, the number of days per week defendant was away from home, the dates on which defendant kicked his wife out of bed and pulled his daughter's hair, and plaintiff's financial dependency did not prejudice defendant in a divorce and alimony action.

2. **Divorce and Alimony § 11— life burdensome — sufficiency of evidence**

   Evidence in an action for divorce and alimony was sufficient to support the trial court's conclusion that plaintiff's condition was intolerable and her life burdensome as a result of defendant's conduct.

3. **Divorce and Alimony §§ 17, 23— alimony and child support — award proper**

   Evidence was sufficient to support the trial court's award of child support and alimony.

APPEAL by defendant from *Fowler, Judge*. Judgment entered 13 December 1974 in District Court, GUILFORD County. Heard in the Court of Appeals 10 June 1975.

Plaintiff wife brought an action for divorce from bed and board and alimony against her husband. The case was tried without a jury.

This Court is not interested in recounting the sordid evidence adduced at the hearing. Generally, plaintiff testified that defendant had assaulted her, questioned her femininity, made derogatory remarks about her, and mistreated the parties' four children. Defendant testified that plaintiff had been cold and indifferent to him, had refused to entertain his business customers, and had refused to have sexual relations with him. Both parties offered evidence of their financial condition. The trial court ordered defendant to pay plaintiff $300.00 per month as alimony and $200.00 per month for each of the four children as child support. Defendant was ordered to make all mortgage and tax payments on the family home as they came due, to pay off certain debts of the family within thirty days, and to pay a fee of $500.00 to plaintiff's attorney. Plaintiff was given custody of the children and possession of the family home.

*Smith, Carrington, Patterson, Follin & Curtis, by Norman B. Smith, for the plaintiff.*

*Turner, Rollins & Rollins, by Clyde Rollins, for the defendant.*

BROCK, Chief Judge.

Defendant has brought forward thirty-six assignments of error, consolidated into twenty-eight arguments for this appeal. Most of these arguments are without merit and are simply an attempt to reargue the evidence adduced at the hearing, apparently with the hope that this Court will substitute itself for the trial court and will accept defendant's version of the evidence. It is well known that findings of fact are conclusive and binding on appeal if there is any competent evidence to support them. This principle applies with particular force in alimony cases where the testimony of the parties is characteristically in sharp conflict and the credibility of witnesses who appear before the trial judge nearly always determines the outcome. We see no need for an *ad seriatum* discussion of defendant's twenty-eight arguments.

[1]  In his second argument defendant contends that the trial court erred in finding that his gross income had ranged from $35,000.00 to $45,000.00 per year, and his net income, from $14,000.00 to $18,000.00. Defendant's own testimony indicates that his gross income has ranged from $30,244.00 to $47,000.00 per year, and his net income, from $13,942.00 to $17,000.00. This finding of fact varies from defendant's testimony, but the difference is so insignificant that it is not prejudicial to defendant.

In his third argument defendant points out that the court erred when it found that defendant "is away from home . . . on the average of 3 days per week." The evidence indicates that defendant is out of town for periods *up to* three days a week; however, we do not deem this prejudicial error.

In his sixth argument defendant asserts that the court erred when it found he kicked plaintiff out of bed on one occasion in 1972. The finding is erroneous, but only as to the date. Again, defendant is not prejudiced. A similar argument is advanced, in defendant's eighth argument, as to a finding that defendant pulled his daughter's hair in 1972. The finding is erroneous only as to the date.

Beall v. Beall

In his thirteenth argument defendant complains that the court erred when it found that plaintiff was substantially dependent upon defendant for financial support. The evidence indicates that plaintiff earned $9,500.00 per year and had expenses of $24,757.34 per year. The evidence clearly supports the court's finding.

[2] By way of his fifteenth argument defendant argues that the trial court erred when it concluded: "Defendant willfully failed to provide plaintiff with necessary subsistence according to her means and condition, so as to render her condition intolerable and her life burdensome." The court found that on two occasions defendant had allowed the family home to run out of heating oil briefly, and on one occasion defendant had delayed in paying a doctor's bill for more than a year. Defendant is correct in arguing that these incidents seem insufficient to establish that plaintiff's life was rendered intolerable and burdensome. However, this error was not prejudicial to defendant because the court also concluded that defendant "offered such indignities to the person of plaintiff as to render her condition intolerable and her life burdensome."

In his seventeenth and eighteenth arguments defendant objects to the court's conclusions that he should be required to pay alimony and attorney's fees and that plaintiff should be given possession of the family home. The court's findings fully support these conclusions; accordingly, we do not find error.

[3] The gist of this appeal is that defendant contends that he will be required to make monthly payments beyond his means. The evidence does not support this contention, but supports the order of the trial judge. The determination of the amount for child support and alimony is within the discretion of the trial court. *Austin v. Austin*, 12 N.C. App. 390, 183 S.E. 2d 428 (1971). No abuse of that discretion has been shown.

We have reviewed defendant's arguments and find that no prejudicial error has been committed. Accordingly, the judgment of the trial court must be upheld.

Affirmed.

Judges PARKER and ARNOLD concur.