MARY E. RAUCHFUSS v. ARTHUR A. RAUCHFUSS

No. 7625DC810

(Filed 4 May 1977)

1. **Husband and Wife § 14— entirety property — purchase by husband — presumption of gift**

    The fact that the husband made payments on property held as an estate by the entirety would not create an estate solely for the husband because the law presumes that he intended it as a gift to the wife.

2. **Trusts § 14— entirety property — conveyance to secure loan — reconveyance to husband — constructive trust for wife**

    Where a husband and wife purchased real property as an estate by the entirety with funds derived from the conveyance of two preceding estates by the entirety and funds borrowed from a corporation, the property was conveyed to the corporation as security for the loan, the corporation agreed to reconvey the property to the husband and wife upon payment of the loan, the loan was thereafter fully paid, the corporation reconveyed the property to the husband individually without the knowledge, consent or permission of the wife, and the husband knew that the wife's name was left off the reconveyance, it was *held* that the failure of the husband to have the deed of reconveyance made to both himself and his wife was a violation of a confidential relationship amounting to actual or presumptive fraud, and that the husband holds title to a one-half interest in the property in constructive trust for the wife.

3. **Husband and Wife § 15— entirety property — right to income**

    The husband is entitled to the rents, profits, and income from entirety property to the exclusion of the wife.

4. **Divorce and Alimony § 16— alimony barred by adultery — absence of findings**

    The court erred in concluding that plaintiff wife's claim for alimony was barred by her adultery where the court found no facts to support such conclusion.

    Judge MORRIS concurs in the result.

APPEAL by defendant from *Tate, Judge.* Judgment rendered 27 April 1976 in District Court, CALDWELL County. Heard in the Court of Appeals 15 March 1977.

This is a civil action in which plaintiff alleging defendant's cruelty in her complaint, sought the impression of a constructive trust upon one-half interest in the home and furnishings held by the defendant in his name and for alimony without divorce and counsel fees.

Defendant answered and denied that plaintiff was entitled to a constructive trust on one-half interest in the home and alleged adultery in bar of plaintiff's claim for alimony and counsel fees.

Plaintiff's evidence tended to show that she and defendant were married in 1943 and separated in December 1973 and that six children were born of the marriage, all of whom are now emancipated. In 1953 they purchased a house on Sharon Road in Lenoir as tenants by the entirety with proceeds from the sale of a house in Baltimore, Maryland, which they owned as tenants by the entirety. One year later they moved to an old house on a 266 acre tract in Happy Valley which they acquired as tenants by the entirety; the Sharon Road house was sold and the proceeds applied to the Happy Valley home. Plaintiff was employed from 1955 until 1963 and contributed her salary to the family's living expenses and she also purchased specific items of furniture for the house. Plaintiff and defendant maintained two joint bank accounts and defendant made the house payments. In 1964 the Happy Valley house burned down, and she and defendant built a new house on the property. The house was rebuilt with insurance proceeds paid for the loss of the house and a loan of $35,000 from Doll Brothers, Inc. A conveyance of the Happy Valley property for security was made to Doll Brothers, Inc. by both plaintiff and defendant. The Doll Brothers, Inc. executed an agreement whereby they were to transfer the Happy Valley property back to plaintiff and defendant when the loan was repaid.

Defendant made the payments on the loan and in 1969 told plaintiff they were all paid up, and plaintiff assumed the property had been transferred back to her and her husband as tenants by the entirety. In 1971 plaintiff learned that title to the property was in defendant's name only. The Happy Valley

property is worth $300,000, and specific items of furniture belong to her, but the rest is owned jointly by plaintiff and defendant.

In 1973 plaintiff was forced to move from the home due to defendant's physical attacks upon her.

Defendant offered evidence tending to show that plaintiff committed adultery with Dr. Gaillard in 1973. A private detective testified that he followed plaintiff to a motel in Charlotte where she entered a room with Dr. Gaillard and remained overnight.

The trial judge heard the matter and received in evidence voluminous oral testimony, several documentary exhibits, and made the following findings of fact (summarized):

The house acquired by the parties in Baltimore as tenants by the entirety was sold and its proceeds used to purchase a house on Sharon Road in Caldwell County. This house was purchased and owned by the parties as tenants by the entirety. On 28 February 1957 the parties acquired by purchase as tenants by the entirety a tract of land recorded in Deed book 332, page 174, in Caldwell County of 266 acres and moved into a Civil War vintage home located thereon. They rented the Sharon Road home for approximately a year and thereafter sold the house and applied the proceeds to the purchase of the 266 acre tract of land.

In 1964 the house was destroyed by fire and the proceeds from insurance were applied to the new home located on the 266 acre tract. It became necessary after the construction of the new home to obtain additional financing upon it. They borrowed the money from Martin Doll and wife, Felicite Doll; Brendon Doll and wife, Jacquelyn K. Doll; Gregg Doll and wife, Beverly K. Doll; and Max Doll and wife, Karen E. Doll; and as security for the loan conveyed to the Dolls the 266 acre tract of land in fee simple by deed of conveyance dated 30 November 1965. The premises were thereafter deeded to Doll Brothers Industries, Inc. and then to Cellu-Products Company. Simultaneously with said conveyance, Doll Brothers Industries, Inc. and the parties entered into a contract dated 29 November 1964, and recorded in Caldwell County Registry to reconvey to the parties herein the premises upon said loan being fully

repaid in the sum of $52,800 payable in 120 monthly install-
ments of $440.00 each. One of the express provisions of the
contract which all parties executed was the following:

> "That upon complete reimbursement and payment of
> the sums above set forth by the parties of the second
> part within the period of 120 months, the party of
> the first part does hereby promise and agree to execute
> and deliver to the said parties of the second part, their
> heirs and assigns, a good and sufficient deed, with full
> covenants and warranty, for that tract of land lying
> and being Yadkin Valley Township, Caldwell County,
> North Carolina. . . . "

The property thus described is the same property con-
veyed by the parties to the Dolls and the same property
conveyed to the plaintiff and the defendant by deed recorded
in Book 332, page 176, Caldwell County Registry. The loan
was thereafter fully repaid. The "parties of the second
part" referred to in said agreement dated 29 November
1965 are the plaintiff and defendant herein.

Thereafter the Cellu-Products Company reconveyed
the premises to the defendant Arthur A. Rauchfuss, Jr.,
individually, but did not convey to the plaintiff either indi-
vidually or as a tenant by the entirety; that the conveyance
to the defendant was made without the knowledge, consent,
or permission, either express or implied, of the plaintiff;
and that she did not know of said conveyance until two
years after the date of conveyance.

The defendant knew of the conveyance and that plain-
tiff's name was left off the conveyance; that he accepted
delivery of the deed and placed it on record for the purpose
of defrauding plaintiff of her interest in the property.

The premises reconveyed to the defendant by Cellu-
Products Company together with the furnishings has a fair
and reasonable market value of $300,000.

At all times up to 19 December 1973 plaintiff was a
faithful wife, did all the duties of housewife, worked at
public work for more than eight years during their mar-
riage and the parties jointly acquired all of their joint
properties, the subject of this action, and jointly disposed

of their joint and several earnings. The defendant's earnings were in excess of $30,000 per year.

Upon the foregoing findings of fact, the court concluded (summarized) :

> The real estate described in the deed of conveyance recorded in Deed Book 332, page 174, Caldwell County Registry and further described in the contract between the parties and Doll Brothers Industries, Inc., is jointly owned by the plaintiff and defendant as tenants by the entirety; that the conveyance to the defendant by Cellu-Products Company was done by defendant for purposes of defrauding plaintiff of her interest in the property; that the conveyance created a resulting trust in favor of the plaintiff; and the evidence to this effect presented in this cause is clear, strong and convincing, and that the defendant holds a one-half undivided interest in the property in trust for the plaintiff; that plaintiff's claim for alimony is barred by her adultery; that plaintiff is sole owner of certain personal property in the house and one-half in interest in all other furnishings; and that defendant has the means to pay plaintiff's attorneys fees of $10,000.

Both plaintiff and defendant appeal.

*West, Groome & Baumberger, by Bryce O. Thomas, Jr., for the plaintiff.*

*Wilson and Palmer, by Bruce Lee Cannon, for the defendant.*

MARTIN, Judge.

The defendant contends the trial court erred as a matter of law in concluding that a resulting trust should be impressed upon the real property, because there was no showing by plaintiff that she contributed any of the consideration for the property.

[1] It is one of the essentials of the peculiar estate by entirety sometimes enjoyed by husband and wife that the spouse be *jointly entitled* as well as jointly named in the deed. *Board of Architecture v. Lee,* 264 N.C. 602, 142 S.E. 2d 643 (1965) ; *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475 (1918) ; *Freeman v. Belfer,* 173 N.C. 581, 92 S.E. 486 (1917) ; *Sprinkle v. Spain-*

*hour,* 149 N.C. 223, 62 S.E. 910 (1908). The fact that defendant made the payments on the property held as an estate by entirety would not create an estate solely for the defendant, because the law persumes he intended it as a gift to his wife. *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222 (1957) ; *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598 (1955) ; *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302 (1954) ; *Sprinkle v. Spainhour, supra; Strange v. Sink,* 27 N.C. App. 113, 218 S.E. 2d 196 (1975).

The property in question having been purchased as an estate by the entirety with funds derived from the conveyance of two preceding estates by the entirety, is sufficient to show that consideration was furnished by the wife. Thus, payment of consideration on her part toward the house supports a resulting trust in her favor. *Tire Co. v. Lester,* 190 N.C. 411, 130 S.E. 45 (1925).

Defendant contends that plaintiff's evidence failed to meet the high burden of proof required to establish a constructive trust (i.e., clear, strong, cogent and convincing) because plaintiff's evidence failed to show fraud on defendant's part.

In *Electric Co. v. Construction Co.,* 267 N.C. 714, 719, 148 S.E. 2d 856, 860 (1966), the Court said:

> " 'A constructive trust * * * is a trust by operation of law which arises contrary to intention and *in invitum,* against one who * * * in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.' (Citation omitted.) In order for a constructive trust to arise it is not necessary that fraud be shown. (Citation omitted.) It is sufficient that legal title has been obtained in violation, express or implied, of some duty owed to the one who is equitably entitled. (Citation omitted.) 'A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' (Citation omitted.) Of necessity, the circumstances out of which such constructive trust arises may be shown by parol evidence."

[2]  The property was conveyed to Doll Brothers Industries, Inc. by both plaintiff and defendant to secure the loan. Simultaneously with the conveyance, Doll Brothers Industries, Inc.

made a contract agreeing to " . . . execute and deliver to the parties of the second part . . . a good and sufficient deed . . . for that tract of land. . . . " It was speaking of the property conveyed by the plaintiff and defendant to secure the loan. The loan was thereafter fully paid. The court found, without exception, that the "parties of the second part" referred to in said agreement dated November 29, 1965 are the plaintiff and defendant herein; that by deed dated 4 June 1969, and recorded in Deed Book 593, page 01, Cellu-Products Company reconveyed the premises to the defendant Arthur A. Rauchfuss, Jr., individually, but did not convey to the plaintiff either individually or as a tenant by the entirety; that the conveyance to the defendant Arthur A. Rauchfuss was made without the knowledge, consent, or permission, either express or implied, of the plaintiff; and that she, the plaintiff, did not know of said conveyance until two years after date of the conveyance.

The court found that defendant knew of the conveyance, knew that plaintiff's name was left off the conveyance, accepted delivery of the deed of conveyance, and placed it on record for the purpose of defrauding plaintiff of her interest in the property. It further found as a fact that the premises reconveyed to defendant by Cellu-Products Company together with the furnishings located in the house thereon had a fair and reasonable market value of $300,000.

A confidential relationship existed between the parties, and the law presumes fraud in transactions when confidential relationships exist between the parties. *Sorrell v. Sorrell,* 198 N.C. 460, 152 S.E. 157 (1930). In *Link v. Link,* 278 N.C. 181, 192, 179 S.E. 2d 697, 704 (1971), the Court said:

"Such a relationship 'exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.' (Citation omitted.) Intent to deceive is not an essential element of such constructive fraud. (Citation omitted.) Any transaction between persons so situated is 'watched with extreme jealousy and solicitude; and if there is found the slightest trace of undue influence or unfair advantage, redress will be given to the injured party.' " (Citation omitted.) See *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562 (1968); *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965).

Rauchfuss v. Rauchfuss

More accurately considered, constructive trusts have no element of fraud in them, but the Court merely uses the machinery of a trust for the purpose of affording redress in cases of fraud and of working out the equity of the complainant. *Avery v. Stewart,* 136 N.C. 426, 48 S.E. 775 (1904). In the instant case the failure of the defendant to have the deed of conveyance from Cellu-Products Company made to both him and his wife was violation of a duty he owed to his wife, amounting to actual or presumptive fraud. Consequently, a constructive trust in favor of the plaintiff is impressed upon the property purely by construction of equity. While the legal estate is vested in the defendant, the equitable estate is held by the plaintiff and the defendant is deemed to hold the property in trust for her benefit.

The court's findings of fact are comparable to the verdict of a jury. They are conclusive on appeal if there is competent evidence to support them. The weight of evidence is solely the province of the fact finder. See *Trust Co. v. Gill, State Treasurer,* 286 N.C. 342, 211 S.E. 2d 327 (1975). The judge was aware of the applicable standard for the burden of proof and his verdict is conclusive in the absence of error of law. See 1 N. C. Index 3d, Appeal and Error § 56. We find plaintiff's evidence sufficient to satisfy the burden of proof and to justify the verdict.

The trial court concluded that the conveyance created a resulting trust in favor of the plaintiff. The essential elements and distinguishing characteristics of resulting trusts and constructive trusts are defined in *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289 (1954), and cases therein cited. The plaintiff alleged facts sufficient to constitute a constructive trust, and the evidence on which she relies to establish such trust is sufficient to support the verdict rendered.

[3] The trial court erred in its findings that defendant must account to the plaintiff for all rents, profits, and income from the property. In estates by the entirety the husband is entitled to the rents and profits to the exclusion of the wife. *Board of Architecture v. Lee, supra.*

[4] Plaintiff's cross-assignment of error is well taken. The court found no facts which support its conclusion that plaintiff had committed adultery. Therefore the case must be remanded for the findings of fact.

The trial court decreed that plaintiff is the owner of and entitled to one-half interest in the described property. We hold that plaintiff is entitled to hold the described property with her husband as tenants by the entirety. The defendant husband is entitled to the rents and profits from the subject real estate property as long as it is so held. Except as herein modified, the judgment of the trial court is affirmed.

Defendant's appeal—modified and affirmed.

Plaintiff's appeal—remanded.

Judge VAUGHN concurs.

Judge MORRIS concurs in the result.