ROSE D. GARDNER v. JONAS MELVIN GARDNER

No. 788DC395

(Filed 20 March 1979)

1. **Divorce and Alimony §§ 18.11, 18.12— alimony pendente lite—dependency—right to relief—means to subsist—findings sufficient**

   The trial court did not err in determining that plaintiff was entitled to temporary alimony where evidence was sufficient to support the trial court's findings that: (1) plaintiff was a dependent spouse, as her monthly expenses exceeded $2000 while her income was $930 per month, even though plaintiff's net worth was $220,000; (2) plaintiff was *prima facie* entitled to the relief she demanded, as the evidence tended to show that plaintiff had been subjected to indignities which rendered her life intolerable and defendant's acts constituted cruel or barbarous treatment; and (3) plaintiff had insufficient means whereon to subsist during the prosecution of the case and to defray the necessary expense thereof.

2. **Divorce and Alimony § 18.13— alimony pendente lite—amount—statutory factors considered**

   The trial court did not err in its determination of plaintiff's reasonable monthly expenses and in the amount of alimony pendente lite awarded by failing to give due regard to the factors enumerated in G.S. 50-16.5(a), since it was clear from the judgment that all necessary factors relating to the award of alimony pendente lite were considered, including plaintiff's reasonable living expenses as established by her accustomed standard of living and the estate and earnings of each party.

3. **Divorce and Alimony § 18.14— alimony pendente lite—award of new automobile**

> Defendant's contention that the trial court erred in concluding that plaintiff was in need of an automobile for general transportation purposes because of the absence of evidence that the 1968 Chevrolet which plaintiff purchased after the separation was inadequate for her needs was without merit since the trial court did not abuse its discretion in concluding that the ten year old automobile was inappropriate for the wife of a wealthy businessman.

4. **Divorce and Alimony § 18.13— alimony from date of separation—lump sum payment**

> Defendant's contention that the trial court was without authority to order the lump sum payment of money constituting support from the date of the parties' separation until the date of the award is without merit.

APPEAL by defendant from *Nowell, Judge.* Order entered 21 October 1977 in District Court, WAYNE County. Heard in the Court of Appeals 5 February 1979.

Plaintiff, Rose D. Gardner, initiated this action 12 May 1977 seeking divorce from bed and board. The complaint included an application for alimony pendente lite and counsel fees. Defendant, Jonas Melvin Gardner, appealed from the order of the trial court awarding plaintiff (1) $1,250 per month for her maintenance and support pending outcome of the suit, (2) a lump sum payment for her maintenance and support 28 May 1975 through 30 September 1977, (3) the use of a new Buick sedan (defendant to pay taxes, license, and insurance), (4) hospitalization and major medical insurance premiums, (5) dental expense to date and future expenses not to exceed $1,402, and (6) $5,000 additional alimony to cover legal expenses incurred to the date of the hearing.

The evidence at the hearing is briefly summarized except to the extent the record is quoted. Plaintiff and defendant were married 11 August 1957, and separated 28 May 1975. No children were born of the marriage. Plaintiff has not worked since 1973 because of numerous health problems including a sinus condition, a displaced coccyx bone, and repeated psychiatric treatment from 1969 through 1975. In January of 1977, plaintiff required extensive dental care.

Plaintiff testified concerning the incident preceding and apparently initiating her separation from defendant as follows: On 27 May 1975, plaintiff and defendant were alone at their home in Smithfield. Before going to bed that evening, plaintiff went to the

kitchen for a glass of juice. Defendant was in the kitchen having a drink. One empty and one partially filled bottle of liquor were on the kitchen table. Plaintiff took the empty bottle and broke it in the sink, "because its good for sharpening a garbage disposal". She then took the partially filled bottle, emptied it into the sink, and in the process of breaking it, accidentally cut her hand. Defendant protested her actions. While plaintiff was holding her glass of juice, she attempted to let the dog out by a side door. Defendant blocked the door, and plaintiff threw her juice at defendant. She testified that defendant retaliated by slapping her "five, four or five, six" times in the face with his open hand. On cross-examination she denied that she broke the bottle in anger. She broke the second bottle because defendant ". . . was, I think drunk . . ." and she didn't want any liquor around. She denied cutting defendant and stated, "If he did, he did it himself." After the incident, plaintiff called the police and waited for them at a neighbor's house. Later that evening she called the magistrate because she wanted to take out a warrant for defendant's arrest.

Defendant's testimony with respect to the incident on the evening of 27 May 1975, indicated that defendant was awakened in his private downstairs bedroom next to the den by plaintiff who was playing the television on maximum volume. He got out of bed to lower the volume, and then walked to the kitchen for a drink of water. Plaintiff then came into the kitchen for a glass of juice. She took a bottle of liquor off the counter and broke it into the sink. She immediately proceeded to the bar, retrieved a partially full bottle, poured it down the sink, and broke that bottle in the sink. She then charged defendant while she held a jagged part of the bottle in her hand. The bottle cut defendant's arm, and he rushed by plaintiff into the den where he stayed until morning. He heard plaintiff call the police and the magistrate.

Plaintiff's sister testified that she noticed a change in her sister's marital relationship since 1969 and had asked defendant to be more patient. She saw plaintiff's red, swollen face and bruised arms the day following the incident. Plaintiff's nephew, John Daily Wood, also noticed the changed marital relationship in 1969, and during one of plaintiff's psychiatric disturbances suggested to defendant that he would himself take her home to her mother in Georgia if defendant didn't want to take her. Wood testified that

in reply to his offer defendant said that ". . . he did not give a g--d--- what she did."

The parties testified at length concerning their personal and joint assets as well as their individual incomes. To the extent such evidence is necessary for this decision, it will be set out in the opinion below.

From the entry of the judgment ordering defendant to provide the temporary maintenance and support payments noted above, defendant appeals.

*Freeman, Edwards and Vinson, by George K. Freeman, Jr., for plaintiff appellee.*

*Mast, Tew, Nall & Moore, by George B. Mast, and Taylor, Warren, Kerr and Walker, by Lindsay C. Warren, Jr., for defendant appellant.*

MORRIS, Chief Judge.

Defendant presents numerous arguments in support of his assignments of error directed primarily to findings of fact and conclusions of law by the trial court. Findings of fact by a trial court, being similar to the verdict of a jury, are conclusive on appeal if supported by competent evidence. The weight of such evidence is solely for the trier of facts. *Rauchfuss v. Rauchfuss*, 33 N.C. App. 108, 234 S.E. 2d 423 (1977). This is especially so in an alimony case. *Beall v. Beall*, 26 N.C. App. 752, 217 S.E. 2d 98 (1975), *aff'd in part and rev'd in part*, 290 N.C. 669, 228 S.E. 2d 407 (1976). The judgment of the trial court will therefore be affirmed if such findings of fact are sufficient under the applicable statute to entitle the dependent spouse to an award of alimony pendente lite. *Blake v. Blake*, 6 N.C. App. 410, 170 S.E. 2d 87 (1969). Whether findings of fact are sufficient to support the award is reviewable on appeal. *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972).

Defendant first assigns error to the trial court's denial of his motion to dismiss the action. His contentions and arguments in support of this assignment of error present the same questions raised by assignments of error directed to the findings and conclusions of the trial court discussed below.

Defendant assigns error to the trial court's findings of fact with respect to the defendant's estate. He asserts that the findings were insufficient to enable the court properly to consider all factors necessary to determine whether plaintiff is entitled to temporary alimony. At this point, it suffices to say that the facts found by the trial court were supported by competent evidence. Whether such findings are sufficient to support the trial court's legal conclusions will be discussed *infra.*

[1]    Defendant contends that the trial court erred in determining that plaintiff was entitled to temporary alimony. There are three requirements under G.S. 50-16.3 which must be met before plaintiff will be entitled to temporary alimony: (1) She must be a "dependent spouse," G.S. 50-16.1(3); (2) she must be entitled to the relief demanded, G.S. 50-16.2; and (3) she must have insufficient means whereon to subsist during the prosecution of the case and to defray the necessary expense thereof. Defendant assigns error to the trial court's conclusions with respect to each requirement.

A spouse is a "dependent spouse" if she is actually substantially dependent upon the defendant for her maintenance and support, or if she is substantially in need of maintenance and support. G.S. 50-16.1(3); *Manning v. Manning,* 20 N.C. App. 149, 201 S.E. 2d 46 (1973). In determining the need for maintenance and support, the court will give due consideration to plaintiff's accustomed station in life. *See Lemons v. Lemons,* 22 N.C. App. 303, 206 S.E. 2d 327 (1974). The fact that the wife has separate property of her own does not relieve the husband of his duty to maintain for his wife the standard of living to which she has become accustomed. *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5 (1968) (applying predecessor statute); *Strother v. Strother,* 29 N.C. App. 223, 223 S.E. 2d 838 (1976). We note that plaintiff introduced, without objection from defendant, a memorandum of her estimated expenses per month which exceeded $2000. Additionally, plaintiff presented competent evidence of her extensive medical expenses and testified that since her separation she had incurred a debt to her mother in the amount of $3,800. Although plaintiff's own evidence indicated that she had a net worth of approximately $220,000, there is further evidence that her monthly net income totals only $930. These figures support the trial court's conclusion that plaintiff is a dependent spouse. It is not necessary for the court to find that the dependent spouse cannot

exist without the aid of the supporting spouse. The purpose of temporary alimony is to enable the dependent spouse to maintain herself according to her accustomed station in life pending the final determination of the issues. *Sprinkle v. Sprinkle,* 17 N.C. App. 175, 193 S.E. 2d 468 (1972). Due regard must also be given to the ability of the supporting spouse to pay. *Id.* We cannot say that the trial court erred in determining that plaintiff is a dependent spouse.

In order for the dependent spouse to be entitled to temporary alimony, the statute also mandates that it must appear that such spouse is *prima facie* entitled to the relief demanded. G.S. 50-16.3(a)(1); *Cabe v. Cabe,* 20 N.C. App. 273, 201 S.E. 2d 203 (1973). There is competent evidence to support findings that for several years prior to the initial hearing in this matter, defendant's love and affection for plaintiff had ceased; that he had expressed his feelings that he no longer cared where she went or what she did; and finally that, in the course of the altercation precipitating the separation, he repeatedly slapped plaintiff, cursed her, and stated he could kill her. Giving due regard to the particular circumstances of this case as required by law (*Presson v. Presson,* 12 N.C. App. 109, 182 S.E. 2d 614 (1971) ), we cannot say that the court erred in concluding that plaintiff had been subjected to indignities over a period of time which rendered her life intolerable. Moreover, we cannot say that the court's findings of fact, which are supported by competent evidence, do not provide a basis for the conclusion that defendant's acts constitute cruel or barbarous treatment. Again, in making this conclusion, the trial court was required to consider the status, refinement, and intelligence of the parties involved. *See Traywick v. Traywick,* 28 N.C. App. 291, 221 S.E. 2d 85 (1976); *see generally* 1 Lee, N.C. Family Law § 81.

Finally, the trial court found that plaintiff had insufficient means whereon to subsist during the prosecution of the case and to defray the necessary expense thereof. This finding is essentially equivalent to a finding that plaintiff is substantially in need of support from the supporting spouse. *Sprinkle v. Sprinkle, supra.* We concluded above that there were sufficient findings of fact supported by competent evidence upon which the trial court could find that plaintiff was substantially in need of support. We note that plaintiff has incurred significant legal expense in the pros-

ecution of this and related legal matters. Defendant has not challenged the reasonableness of the legal expenses incurred. The trial court was within its authority in concluding that plaintiff was in need of temporary alimony to provide her with a sufficient subsistence to maintain her accustomed standard of living and also to meet her husband at trial on substantially equal terms.

[2] Defendant contends in separate arguments that the trial court erred in its determination of plaintiff's reasonable monthly expenses and then erred in the amount of alimony pendente lite awarded by failing to give due regard to the factors enumerated by statute. G.S. 50-16.5(a). It is true, as defendant argues, that the purpose of alimony pendente lite is to provide for the reasonable support of the dependent spouse pending the final determination of her rights and not to establish a savings account for her. *See Sguros v. Sguros,* 252 N.C. 408, 114 S.E. 2d 79 (1960); *Roberts v. Roberts,* 30 N.C. App. 242, 226 S.E. 2d 400 (1976). Nevertheless, this does not relieve the supporting spouse of the obligation to maintain her accustomed standard of living. *See Schloss v. Schloss, supra.* It was, therefore, proper to consider plaintiff's reasonable living expenses as established by her accustomed standard of living. The defendant is also correct in noting that G.S. 50-16.3(b) and G.S. 50-16.5(a) require a consideration of the estate and earnings of each party. The amount to be awarded is a question of fairness to the parties, and, so long as the court has properly taken into consideration the factors enumerated by statute, the award will not be disturbed absent an abuse of discretion. *See e.g., Eudy v. Eudy,* 288 N.C. 71, 215 S.E. 2d 782 (1975) (reviewing award of permanent alimony). It is clear from the judgment of the trial court that all necessary factors relating to the award of alimony pendente lite were considered. Plaintiff's net monthly income, supplemented by the trial court's award of alimony pendente lite, approximates plaintiff's estimated monthly expenses. We find no indication of an abuse of discretion.

[3] Defendant assigns error to the trial court's conclusion that plaintiff was in need of an automobile for general transportation purposes because of the absence of evidence that the 1968 Chevrolet she purchased after the separation was inadequate for her needs. In concluding that the ten-year-old automobile was inappropriate for the wife of a wealthy businessman, the trial court did not abuse its discretion.

**[4]** Finally, defendant contends that the trial court was without authority to order the lump sum payment of money constituting support from the date of separation until the date of the award. The law is to the contrary. This Court has properly recognized the need to leave the amount and form of alimony pendente lite payments within the discretion of the trial court. Such flexibility is necessary to cope adequately with the myriad factors which must be considered in resolving domestic lawsuits. In our opinion, Judge Campbell accurately stated the law in this State with respect to the time frame covered by alimony pendente lite payments:

> "We think she is entitled to subsistence in keeping with defendant-husband's means and ability and standard of living, not only from the time she instituted her action, but from the time her husband wrongfully separated himself from her." *Austin v. Austin,* 12 N.C. App. 390, 393, 183 S.E. 2d 428, 430 (1971). *See e.g., Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521 (1970) '(plaintiff granted lump sum for motel bill incurred from date of separation).

For the foregoing reasons, the judgment of the trial court is

Affirmed.

Judges MARTIN (Harry C.) and CARLTON concur.