CAROLYN S. CORNELISON v. LEO DOYLE CORNELISON

No. 7926DC1203

(Filed 3 June 1980)

1. **Divorce and Alimony § 18.12— alimony pendente lite — constructive abandonment — indignities**

    The trial court's conclusions in an alimony *pendente lite* action that defendant constructively abandoned plaintiff and subjected her to such indignities as to render her condition intolerable and her life burdensome were supported by the court's findings, which in turn were supported by competent evidence, that plaintiff removed herself from the marital home because of defendant's yelling and cursing and refusal to permit plaintiff to sleep, that for a period of at least two years defendant failed to come home in the evenings until very late or until the early morning hours and was away on the weekends, that defendant would constantly interrupt plaintiff's sleep when he came home late at night or early in the morning, and that defendant evidenced a total absence of consideration and affection concerning plaintiff's mental problems and hospitalizations caused by those problems, it being unnecessary for the court to make additional negative findings that plaintiff was without fault or that she did not provoke the defendant's behavior.

2. **Divorce and Alimony §§ 18.13, 18.16— amount of alimony pendente lite and counsel fees — sufficiency of evidence and findings**

    The evidence and findings were sufficient to support the court's order requiring defendant husband to pay plaintiff wife $335 per month as alimony *pendente lite* and $1250 for counsel fees.

APPEAL by defendant from *Lanning, Judge.* Order entered 10 September 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals on 13 May 1980.

This is a domestic action initiated 27 April 1979 by the plaintiff, Carolyn Cornelison, in which she seeks to recover temporary and permanent alimony and counsel fees from the defendant. Plaintiff alleged in a verified complaint that she and the defendant were married on 28 May 1955, that they separated in April 1978, and that their separation resulted from acts and conduct of the defendant which constituted a "constructive abandonment" of plaintiff, thus entitling her to alimony and alimony *pendente lite*.

Defendant filed a verified answer on 17 August 1979 wherein he alleged that the plaintiff had left the marital home in April 1978 "without any justifiable cause or excuse and without fault or provocation on the part of defendant," and thus was not entitled to an award of alimony or alimony *pendente lite.*

The matter was heard on plaintiff's motion for alimony *pendente lite* and counsel fees on 20 August 1979. To the extent that evidence presented at the hearing is necessary for the decision in this case, it will be set out in the opinion to follow.

On 10 September 1979 the trial court entered an order directing that defendant pay plaintiff $335 per month as alimony *pendente lite* and $1250 counsel fees. Defendant appealed.

*Stack and Stephens, by Richard D. Stephens, for the plaintiff appellee.*

*James B. Ledford and W. M. Nicholson for the defendant appellant.*

HEDRICK, Judge.

Defendant assigns error to the award to plaintiff of alimony *pendente lite* and argues that plaintiff failed to establish her entitlement to such an award for the reason that she offered no evidence of her conduct at the time of the parties' separation, nor did she show that she "had not done anything to provoke any of the conduct of Defendant about which she complains."

The statutory provision governing awards of alimony *pendente lite,* G.S. § 50-16.3, provides in pertinent part as follows:

(a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

(1) It shall appear from all the evidence . . . that such spouse in entitled to the relief demanded . . . and

Cornelison v. Cornelison

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

(b) The determination of the amount and the payment of alimony pendente lite shall be in the same manner as alimony, ...

We have interpreted the statute to require the trial judge to conclude as a matter of law that the spouse seeking alimony *pendente lite* is the dependent spouse within the meaning of G.S. § 50-16.1(3); that such spouse is a party in an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce; that such spouse is entitled to the relief demanded; and that such spouse is shown to lack sufficient means whereon to subsist during the course of the litigation. *Gardner v. Gardner,* 40 N.C. App. 334, 252 S.E. 2d 867, *cert. denied,* 297 N.C. 299, 254 S.E. 2d 917 (1979); *Steele v. Steele,* 36 N.C. App. 601, 244 S.E. 2d 466 (1978). These conclusions must, of course, be supported by specific findings of fact. If the findings are supported by competent evidence, they are conclusive on appeal even though the evidence would support contrary findings. *Gardner v. Gardner, supra.* While the sufficiency of the findings to support the award is reviewable on appeal, *Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1972), the weight to be accorded the evidence is solely for the trier of the facts. *Rauchfuss v. Rauchfuss,* 33 N.C. App. 108, 234 S.E. 2d 423 (1977).

[1] The defendant in the case at bar does not argue that the trial judge failed to draw the necessary conclusions of law, and the Order appealed from demonstrates that the judge did enter the appropriate conclusions. Rather, the defendant contends that the findings of fact necessary to support the following conclusions of law are not supported by competent evidence of record, and thus these conclusions similarly are unsupported by proper findings of fact:

3. That from all of the evidence presented ... the plaintiff is entitled to the relief demanded in this suit ....

4. That the defendant has offered the plaintiff indignities such as to render her condition intolerable and life burdensome.

5. That the defendant constructively abandoned the plaintiff on or about April, 1978.

6. That the defendant has wilfully [sic] failed to provide the plaintiff with necessary subsistence according to [his] means and conditions so as to render her condition intolerable and life burdensome.

If these conclusions are supported by specific findings of fact which, in turn, are supported by competent evidence, then the plaintiff is *prima facie* entitled to an award of temporary alimony. In other words, the trial judge is not required to make additional negative findings and conclusions that the plaintiff was without fault or that she did not provoke the defendant's behavior.

In this case, the following findings of fact clearly support the contested conclusions:

4. That the plaintiff separated herself from the defendant in about April, 1978, because of the defendant's yelling and cursing and refusal to permit the plaintiff to sleep, which forced her to remove herself from the marital home in order to preserve her mental and physical well being. That said acts on the part of the defendant were wilful [sic] and without provocation.

5. That for a period of time of at least two years prior to their separation in April, 1978, the defendant failed and refused to come home in the evenings until very late or until the early morning hours and was away from home on the weekends.

6. That when the defendant would come home late at night or early in the morning, he would constantly interrupt the plaintiff's sleep.

. . .

8. That the defendant evidenced a total absence of consideration and affection with regard to the plaintiff's mental problems and her hospitalizations.

The court made further findings regarding the failure of the defendant to provide adequately for the plaintiff's support.

These findings in turn are supported by competent and uncontradicted evidence. Regarding the circumstances which apparently initiated the separation, plaintiff testified that she had suffered mental and emotional problems which had required several hospitalizations and that in April 1978 she had been home from a stay at Broughton Hospital for about three days when defendant came in one night "raising cain, drinking." She testified that she "got scared," called the police and left the next day. She lived with a relative for a while, then took an apartment to herself. The parties have remained separated since that time. Plaintiff also testified that, in the two years prior to the separation, the defendant "wasn't around very much"; that he made her life "unbearable" when he was at home staying out nights until between 11:30 p.m. and 2:00 a.m. and by turning the T.V. "wide open" when he did come home; and that, as a result of such conduct, she was unable to sleep. She said that following her release from Broughton Hospital on a prior occasion, the defendant's attitude and conduct was the same, that he "just wasn't around and wouldn't give me any money and wouldn't take me anywhere ...." When abdominal problems necessitated surgery for plaintiff in January 1978, the defendant "did nothing to help me get ready to go in the hospiyal [sic] .... [Instead], [h]e left town, ..."

This evidence, which the defendant did not dispute in his testimony or through his witnesses, is clearly sufficient to support the findings of fact set out above. Moreover, the findings provide a basis for the court's conclusion that the defendant had "constructively abandoned" the plaintiff and, considering all the circumstances of the case as we must do, *Presson v. Presson*, 12 N.C. App. 109, 182 S.E. 2d 614 (1971), we think the court was correct in concluding that the plaintiff had been subjected to such indignities over a period of time "as to render her condition intolerable and life burdensome." Furthermore,

even though defendant contends on appeal that the court should have made findings regarding the plaintiff's conduct at the time of the parties' separation, including findings as to whether plaintiff did or did not provoke the defendant's conduct, we note that the defendant offered no evidence of provocation on the part of plaintiff, nor did he complain of her conduct. Such evidence is in the nature of a defense to her claim for relief and thus is properly allocated to the defendant's burden of proof. We hold that the requisite conclusions of law to support an award of alimony *pendente lite* are fully supported by specific findings of fact which are amply supported by competent evidence.

[2] Likewise, and contrary to the defendant's contentions, we find the findings of fact sufficient and the evidence plenary to support the amount of temporary alimony awarded. While the amount to be awarded rests within the sound discretion of the trial judge, *Self v. Self*, 37 N.C. App. 199, 245 S.E. 2d 541, *cert. denied*, 295 N.C. 648, 248 S.E. 2d 253 (1978), it is true, as defendant argues, that the judge must take into consideration a number of factors, including the accustomed standard of living of the parties and the estate of earnings of each party. G.S. §§ 50-16.3(b), 50-16.5(a). "The amount to be awarded is a question of fairness to the parties, and, so long as the court has properly taken into consideration the factors enumerated by statute, the award will not be distrubed absent an abuse of discretion." *Gardner v. Gardner, supra* at 340, 252 S.E. 2d at 871.

The Order in this case contains specific findings regarding the income and living expenses of each spouse. Moreover, it contains findings regarding the ability of the defendant to pay the ordered amount in that he is the "principal figure in and general manager of" his corporation, that he still lives in the marital home on which he has made all the mortgage payments and which has a fair market value in excess of $40,000, and that he has access to funds from the sale of other property, even though those funds are currently being held by his mother. Similarly, the Order contains findings as to the relative inability of the plaintiff to fully support herself. It is clear that all the necessary factors relating to the award of alimony *pendente lite*

Cornelison v. Cornelison

were considered, and that the findings of fact as to each factor are amply supported by competent evidence. We find no abuse of discretion in the court's ordering the defendant to pay $335 per month, which represents the difference between the plaintiff's monthly income and her estimated monthly expenses.

With respect to the award of counsel fees in the amount of $1250, we hold that this award also is supported by sufficient findings of fact showing that the fee is allowable and that the amount awarded is reasonable. *Self v. Self, supra; Upchurch v. Upchurch,* 34 N.C. App. 658, 239 S.E. 2d 701 (1977), *cert. denied,* 294 N.C. 363, 242 S.E.2d 634 (1978). *See* G.S. § 50-16.4. The fee is allowable because the plaintiff has established her entitlement to an award of alimony *pendente lite. Upchurch v. Upchurch, supra.* As to the reasonableness of the award, the court found as follows:

> That the plaintiff's counsel, ... has rendered valuable legal services to the plaintiff in this action, ... that he is known to the Court to be familiar with matters of this kind, that his average hourly rate is approximately Sixty ($60.00) Dollars per hour and that is in line with charges of similar lawyers with similar experience ..., that he has conferred on numerous occasions with his client, has represented her interest in this Court proceeding ..., prepared for same and attempted to undertake discovery to discover the defendant's assets, has spent at lease 29 hours working on this case, and the Court finds that the reasonable value of his services is at least $1250.00.

These findings are supported by the evidence and plainly support the award. Defendant's contentions are without merit.

The Order entered 10 September 1979 is in all respects affirmed.

Affirmed.

Judges PARKER and VAUGHN concur.