EDNA W. HOLCOMB v. GERALD G. HOLCOMB

No. 7021DC125

(Filed 25 February 1970)

1. **Divorce and Alimony § 18— temporary alimony — discretion of court**

   The granting or denial of a motion for temporary alimony (pendente lite) is within the discretion of the trial court and is normally not reviewable on appeal.

2. **Trial § 40— issues of fact — jury trial**

   Issues of fact raised by the pleadings must be tried by a jury unless there has been a waiver of that right. G.S. 1-172.

3. **Trial § 40— issues of fact — jury trial — waiver**

   A jury determination of "any issue triable of right by a jury" may be requested within 10 days of the filing of the last pleading directed to the issue; the failure of a party to make such demand is a waiver of the right to a jury trial. G.S. 7A-196.

4. **Divorce and Alimony §§ 2, 18;   Trial § 40— temporary alimony — hearing — issues of fact — right to jury trial**

   In a hearing on the wife's application for temporary alimony and counsel fees pending her action for alimony without divorce, wherein the wife alleged that she was mentally incompetent at the time she had signed the deed of separation and that the certificate of the examining magistrate had been procured by fraud of the husband, an order of the trial court, entered within 10 days of the filing of the last pleading, dismissing the wife's action on the ground that her allegations and affidavits failed to show the invalidity of the agreement, *held* improper, since the wife was entitled to request a jury trial on the issue unless she waived such right.

APPEAL by defendant from *Alexander, Chief District Judge,* Twenty-First District, in Chambers, 1 December 1969.

Mrs. Edna W. Holcomb, by her next friend, William K. Davis, instituted this suit for permanent alimony without divorce and counsel fees, temporary alimony and counsel fees and for an order prohibiting her husband from removing her from her home, cutting off utilities to the home or removing the license plate from the car she is driving. She alleges details to show that her husband has "offered such indignities to her person as to render her life burdensome and her condition intolerable"; that no children have been born of the marriage; that she is without funds to subsist during this action; that her husband has threatened to sell her home and remove the license tag from the automobile that he permits her to use and that she is now "unable physically or mentally to do any work whatever, or to understand the nature or effect of her acts and that she is now,

. and has been in such mental state for nearly a year that she is mentally incompetent."

Gerald G. Holcomb (Holcomb) answered, denying the material allegations of the complaint. He alleged that on 28 August 1969 he entered into a valid separation agreement with the plaintiff as a full and final settlement of all matters between them. The separation agreement was incorporated in the answer with a certificate of a Magistrate, H. W. Thomerson, Sr., attesting to his private examination of her as required by G.S. 52-6.

Mrs. Holcomb replied on 21 November 1969 admitting that the purported deed of separation was recorded in the office of the Register of Deeds of Forsyth County, but that she had not read, or understood the meaning of, the paper when she had signed it. She replied further that she had been in great fear of her husband at the time of the alleged execution of the document and that his threatening phone calls had caused her to become hysterical and to require a sedative, with the result that she did not understand the terms and effect of the purported deed of separation. In addition, she alleged that the Magistrate, H. W. Thomerson, Sr., had not read the deed of separation and that he "relied on the representations of defendant's attorney that he was trying to advise both plaintiff and defendant" and that he had "no evidence or information as to whether the deed of separation was unreasonable or injurious to her." Plaintiff alleged that her husband did not separate from her but merely abandoned her. She pleaded that his actions were such as to constitute a fraud upon the court, in that he made false representations to procure the magistrate's certificate after harassing the plaintiff until he knew she was mentally incompetent.

Various affidavits were made a part of the record. Dr. Ruth Henley, a gynecologist, in an affidavit signed and sworn to 4 November 1969, stated that Mrs. Holcomb

"For the past several months, up to a year ago, in my opinion, she has not been mentally competent. She is not in my opinion and has not been mentally capable of understanding the nature and effect of a contract, particularly, a Deed of Separation during that time."

Harold W. Thomerson, Sr., stated in an affidavit that on the occasion of his examination of Mrs. Holcomb, "I asked Mrs. Holcomb if she had read it and understood it. She said she had, and 'I just want to get rid of him as soon as possible'" and also that "I asked her if she had an attorney, and she said she did not. Mr. White said

'I am representing both of them, and they cannot get along to-gether.'" He said that he advised her to consult an attorney of her own but that she refused. He stated further that "I did not read the Deed of Separation and do not know its contents, or terms. Mrs. Holcomb did not read it in my presence."

James White, Holcomb's attorney, in an affidavit, stated that the terms of the separation agreement were those specified by Mrs. Holcomb, and later agreed to by Holcomb.

Several affidavits were placed in the record which tended to show that Gerald Holcomb had not been violent or threatening with his wife, that she had often been very drunk and that he had often been embarrassed by her behavior.

On 30 October 1969 Chief Judge Alexander signed an order re-quiring that the defendant "shall not molest or threaten the plaintiff in any manner." Holcomb was also ordered not to remove her effects from their home, cut off her utilities or take the car or remove its license plate. A hearing on the "plaintiff's application for temporary alimony and counsel fees" was set for 2:00 p.m. on Wednesday, 5 November 1969 in the Judge's chambers. Further, the temporary re-straining order "entered herein shall be continued until the hearing on the merits shall be had."

The hearing was delayed until 24 November 1969 by order dated 5 November 1969, which order also kept the temporary restraining order in effect until 30 November 1969. At the hearing, with the affi-davits and the pleadings alone before the court, Judge Alexander en-tered the following order:

"This cause being heard before Honorable Abner Alexander, District Judge, in chambers on November 24, 1969, pursuant to the order of court entered on November 5, 1969, on the applica-tion of the plaintiff for alimony, temporary alimony and for a restraining order and counsel fees, and it appearing to the Court that the defendant in his answer has plead in bar of plaintiff's motions a deed of separation executed by plaintiff and defendant on August 29, 1969, and that in her reply the plaintiff has at-tacked the validity of the deed of separation on the grounds therein stated, and the Court being of the opinion as a matter of law that the reply of plaintiff and the evidence offered by her does not sufficiently show that the deed of separation is not valid, and that until the deed of separation is set aside, the plaintiff is not entitled to the allowance of counsel fees or temporary ali-mony or other relief prayed for;

It is therefore ORDERED that the plaintiff's application for temporary alimony and counsel fees, and for a restraining order are hereby denied, and that the action is hereby dismissed, and the costs are taxed against the plaintiff.

The Court further ORDERS in its discretion that the temporary restraining order entered on November 5, 1969, shall remain in full force and effect pending the determination of the appeal to the Court of Appeals, of which appeal plaintiff has given notice.

The Court in its discretion further ORDERS that pending the appeal, the defendant shall not cut off any utilities, including oil for the furnace, in the house now occupied by plaintiff, and shall keep the payments on the deed of trust on the house paid up to date, so that it will not be foreclosed.

This the 1 day of December, 1969.

s/ Abner Alexander
District Judge"

Plaintiff appealed to this court, assigning as error that the court should not have dismissed her action since she had alleged that she was mentally incompetent at the time of the signing of the deed of separation and that the certificate of the magistrate was procured by fraud and was improperly made.

*Deal, Hutchins and Minor by Roy L. Deal and William K. Davis for the plaintiff appellant.*

*White, Crumpler & Pfefferkorn by William G. Pfefferkorn and Carl D. Downing for defendant appellee.*

CAMPBELL, J.

**[1]**    The granting or denial of a motion for temporary alimony (*pendente lite*) is within the discretion of the trial judge and as such is normally not reviewable on appeal. *Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589 (1965).

However, the same may not be said about a dismissal of an action for alimony without divorce, as was done in this case by order dated 1 December 1969.

**[2]**    Issues of fact raised by the pleadings, as in the instant case, must be tried by a jury unless there has been a waiver of that right. G.S. 1-172.

**[3]**    A jury determination of "any issue triable of right by a jury"

may be requested within 10 days of the filing of the last pleading "directed to the issue." The failure of a party to make such a demand is a waiver of the right to a jury trial. G.S. 7A-196.

[4]  In this case, the judge entered his order dismissing the action within 10 days of the filing of the last pleading on 21 November 1969. He did not at this time have the capacity to act as the trier of the facts since the right to demand a jury trial could still have been exercised, and there was no waiver of this right nor was there consent of the parties for the trial judge to determine factual issues. The trial court did not find any facts even if he had had the authority to do so.

Reversed.

PARKER and HEDRICK, JJ., concur.