HERSEL GRADY STROTHER v. HOWARD ODELL STROTHER

No. 7510DC913

(Filed 21 April 1976)

1. **Divorce and Alimony § 19— alimony pendente lite — increase in wife's income — letter from wife to judge — competency**

In ruling on plaintiff's motion for an increase in alimony *pendente lite* and child support, it was not error for the trial court to consider a letter from plaintiff to the judge concerning additions to the plaintiff's income in the form of payments to be received from a sale of land.

2. **Divorce and Alimony § 19— increase in wife's income — reduction in alimony pendente lite proper**

In ruling upon defendant's motion to reduce and plaintiff's motion to increase alimony *pendente lite*, it was not error for the trial court to find that plaintiff's circumstances had changed with respect to her income due to payments being made to her from the sale of land and for the court to reduce the amount of alimony.

ON *certiorari* to review an order by *Barnett, Judge*. Order entered 30 May 1975 in District Court, WAKE County. Heard in the Court of Appeals 9 March 1976.

On 25 July 1973 the plaintiff, Mrs. Hersel Grady Strother, instituted an action against her husband for divorce from bed and board, alimony, custody of the parties' minor child, and child support payments. In her complaint the plaintiff requested alimony *pendente lite*. On 21 March 1974 an order granting the plaintiff custody and child support payments of $460.00 per month was entered, and by order dated 23 July 1974 the plaintiff was granted alimony *pendente lite* in the amount of $430.00 per month and attorney's fees. On 8 January 1975 the defendant husband filed a motion to reduce alimony due to a substantial decrease in his income. In response, the plaintiff moved for an increase in alimony and child support. Finally, upon the motion and affidavit of the plaintiff, the court ordered the defendant to appear on 8 April 1975 and show cause why he should not be held in contempt for failure to comply with the previous order to provide alimony *pendente lite* and child support. At the hearing the wife offered evidence of additional expenses for the child and herself. The husband presented evidence of financial setbacks during the previous year. In the course of the hearing it was disclosed that the wife recently began receiving payments for land that she and her husband had

sold to a third party prior to the divorce proceedings. According to her testimony:

> "I filed a suit against my husband for half of the 1974 and 1975 payment on some land we sold to Mr. York some years ago and last week we settled the case. After I paid my attorney, I got about $8,000.00. I do not remember the exact figure. I had never recovered any of the money that had been paid, and we tried to settle without going to Court, but he would not. My lawyer got a third of what I recovered, and we gave Mr. Strother a break by letting him have $2,000.00 of the payment for the year before. Before attorney's fees, I got $14,000.00."

Apparently the judge requested further information about these payments, and a letter dated 10 April 1975 relating the annual payments on the note from J. W. York & Company to Mr. and Mrs. Strother for the period of 1976 through 1986 was prepared by the wife's attorney and presented to the judge a few days after the hearing.

By order dated 29 May 1975 the judge found no substantial change in the husband's income for 1975, but did find that the wife's needs had substantially increased. However, the judge concluded that the payments from the York note would more than adequately meet the wife's additional financial needs and that "therefore, defendant [husband] is entitled to a reduction in alimony pendente lite in that plaintiff's net monthly needs are substantially less, at least for the next eleven years [the term of the York note]."

*E. Ray Briggs, for the plaintiff.*

*Cockman, Akins & Aldridge, by David R. Cockman, for the defendant.*

BROCK, Chief Judge.

On appeal the wife raises two assignments of error.

[1] The first assignment of error arises out of the following finding of fact in the 29 May 1975 order:

> " . . . There has been a substantial change concerning plaintiff's income in the form of an addition which will more than make up for her increased needs; . . . "

The wife argues that this finding is not based on competent evidence. In particular she questions whether it was proper for

the judge to use the 10 April 1975 letter describing the payments due from the York note as evidence on which to base the finding of fact described above. The wife's reference to the York note payments in her testimony at the hearing prompted the judge to inquire further about the significance of this addition to her income. The letter served to clarify her testimony at trial, and the judge, as the trier of fact in this action, was entitled to request this additional information. If plaintiff's counsel had not agreed to furnish the additional information, it would have been within the province of the judge to examine plaintiff under oath to obtain the information. Ordinarily the use of a letter received by the judge would be inappropriate, but here it is the party who furnished the letter who is complaining. Under such circumstances we see no error prejudicial to plaintiff.

[2] Next the wife argues that it was error to find a change of circumstances in her situation because of the York note payments. It is noteworthy that the effect of the York note on the wife's status as a dependent spouse is not in issue. The only question is whether it was proper to find that the income derived from the York note warranted a reduction in the amount of alimony *pendente lite* for the wife. The specific amount of alimony *pendente lite* to be paid a dependent spouse is within the discretion of the trial judge to determine and will not be disturbed on appeal in the absence of an abuse of discretion. *Holcomb v. Holcomb*, 7 N.C. App. 329, 172 S.E. 2d 212 (1970); *Griffith v. Griffith*, 265 N.C. 521, 144 S.E. 2d 589 (1965). In view of the temporary nature of alimony *pendente lite* and the specificity of the findings of fact upon which the order is based, we find no abuse of discretion by the judge in this case. We are sympathetic with the wife's argument that the payments from the York note should not be considered income for purposes of determining the amount of alimony *pendente lite* she is entitled to:

> "Alimony pendente lite is measured, among other things, by the needs of the dependent spouse and the ability of the supporting spouse. The mere fact that the wife has property or means of her own does not prohibit an award of alimony pendente lite. (citations omitted)" *Cannon v. Cannon*, 14 N.C. App. 716, 189 S.E. 2d 538 (1972).

However, whether the York note payments justify a reduction in alimony *pendente lite* properly lies within the discretion of the trial judge.

The judgment in this case is

·    Affirmed.

Judges VAUGHN and MARTIN concur.