BETSY CHOPLIN HAMPTON v. RONALD GRANT HAMPTON

No. 7521DC826

(Filed 5 May 1976)

**Divorce and Alimony §§ 18, 23, 24— alimony pendente lite — child custody and support — insufficiency of findings**

In an action for alimony without divorce, alimony *pendente lite*, child custody and child support, the trial court erred in failing to make any findings with respect to whether defendant was capable of making alimony *pendente lite* payments, whether plaintiff was entitled to the relief demanded, what the reasonable needs of the minor children were, what the best interests and welfare of the children required with respect to custody, and whether plaintiff was entitled to counsel fees.

APPEAL by defendant from *Clifford, Judge.* Judgment entered 25 April 1975 in District Court, FORSYTH County. Heard in the Court of Appeals 11 February 1976.

Plaintiff (wife) instituted this action against the defendant (husband) to obtain alimony without divorce, alimony pendente lite, custody of the parties' two minor children, and child support payments. Plaintiff alleged in her complaint that the defendant has abandoned her and the parties' two minor children. Plaintiff further alleged that the defendant engaged in homosexual conduct and offered plaintiff such indignities so as to render her life burdensome and her condition intolerable.

Defendant answered and specifically denied that he had abandoned the plaintiff, that he was a homosexual, and that he had offered such indignities to the plaintiff as to render her life burdensome and intolerable. Defendant counterclaimed for custody of the children.

The court found that plaintiff was unemployed and that she could not find work; that "two children were born to this marriage"; that defendant abandoned plaintiff and the children; and the court further made findings related to defendant's income. The court concluded that plaintiff was a dependent spouse. Custody of the children was awarded to the plaintiff, and defendant was ordered to make alimony payments of $50 per week, child support payments of $50 per week, and a payment of $200 for plaintiff's counsel fees. The order further provided for an increase in alimony and support payments when defendant resumed regular working hours.

From the order, dated 25 April 1975, defendant appealed to this Court.

*White and Crumpler, by Michael J. Lewis and J. Earl McMichael, for plaintiff appellee.*

*John E. Gehring and Hatfield and Allman, by James W. Armentrout, for defendant appellant.*

ARNOLD, Judge.

In order to be entitled to alimony pendente lite one must be a dependent spouse, and the provisions of G.S. 50-16.3 must be met. In *Little v. Little,* 18 N.C App. 311, 196 S.E. 2d 562 (1973), this Court stated that the trial court must make findings of fact to show three requirements: (1) the existence of a marital relationship; (2) the spouse is either (a) actually or substantially dependent upon the other spouse for maintenance and support, or (b) is substantially in need of maintenance and support from the other spouse; and (3) the supporting spouse is capable of making the required payments.

Defendant challenges the sufficiency of the court's findings of fact. There is merit in his contention that the court failed to make any finding with respect to whether he was capable of making the payments.

Citing *Manning v. Manning,* 20 N.C. App. 149, 201 S.E. 2d 46 (1973), defendant also contends that the award of alimony pendente lite is insufficient because there was no finding or conclusion that plaintiff was "entitled to the relief demanded" as required by G.S. 50-16.3(a). This contention is also correct. The factual findings were held to be insufficient where "there were no findings or conclusions with respect to whether the dependent was 'entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made.' " *Manning v. Manning, supra* at 153.

The court's findings also failed to support the award of child support. G.S. 50-13.4(c) requires "[p]ayments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child. . . . " Where the court does not make appropriate findings based on competent evidence as to what are the reasonable needs of the children for health, education, and maintenance, it is error to direct payments for their support. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77

(1967) ; *Manning v. Manning, supra.* No findings were made in the instant case concerning the needs of the children.

Defendant argues that the findings are likewise insufficient to support the order of custody. G.S. 50-13.2(a) provides that "[a]n order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person . . . as will, in the opinion of the judge, best promote the interest and welfare of the child."

Findings by the trial court in regards to custody are conclusive when supported by competent evidence. 3 Strong, N. C. Index 2d, Divorce and Alimony, § 24, p. 377. "However, when the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact." *Crosby v. Crosby, supra* at 238-239, citing *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967).

The court must make findings, based on competent evidence, of whether the best interest and welfare of the children will be promoted by awarding custody to plaintiff or defendant. *Powell v. Powell,* 25 N.C. App. 695, 214 S.E. 2d 808 (1975). The record contains no finding regarding the best interest and welfare of the children.

There is also merit in defendant's contention that the findings of fact were not sufficient to sustain the award of counsel fees. In *Austin v. Austin,* 12 N.C. App. 286, 296, 183 S.E. 2d 420 (1971), this Court said:

> " . . . It is uncontroverted that G.S. 50-16.4 and G.S. 50-13.6 permit the entering of a proper order for 'reasonable' counsel fees for the benefit of a dependent spouse, but the record in this case contains no findings of fact, such as the nature and scope of the legal services rendered, the skill and time required, et cetera, upon which a determination of the requisite reasonableness could be based. Compare, for example, the evidence and findings in *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221 (1967). See also, *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899 (1949) ."

Moreover, since the findings were not sufficient to support an award of alimony pendente lite they are not sufficient to

support an award of counsel fees. *Newsome v. Newsome,* 22 N.C. App. 651, 207 S.E. 2d 355 (1974).

The judgment is vacated and the cause is remanded for further hearing and findings consistent with this opinion.

Vacated and remanded.

Chief Judge BROCK and Judge PARKER concur.