E. T. ROBBINS, SR. v. HELEN C. ROBBINS

No. 7913DC163

(Filed 6 November 1979)

1. **Divorce and Alimony § 18.9— alimony pendente lite—abandonment—sufficiency of evidence**

Evidence was sufficient to support the trial court's finding that plaintiff abandoned defendant where it tended to show that plaintiff had not entered the home of defendant since 15 July 1976; plaintiff was not unable to visit defendant because of his responsibilities in operating a motel, as evidenced by his extensive travel after the motel closed at the end of the summer season; and plaintiff's unwillingness to visit an acknowledged sick wife, even for brief periods, indicated that he intended to abandon her.

2. **Divorce and Alimony § 18.9— alimony pendente lite—sufficiency of evidence**

Evidence was sufficient to support the trial court's conclusions that defendant was a dependent spouse, that plaintiff was financially able to pay alimony, and that defendant did not have sufficient means to subsist during the prosecution of her counterclaim where such evidence tended to show that the only income of defendant was from rentals on property held by the entirety to which plaintiff was entitled as a matter of law; by consenting that defendant could receive the rents and profits from the property, plaintiff acknowledged defendant's dependency upon him; the fact that plaintiff paid the taxes and insurance on that property and the house in which defendant was living indicated that he was aware that defendant did not have sufficient income; the expenses stated in defendant's affidavit were in excess of her income; and plaintiff had sufficient income to travel extensively, owned considerable properties, and was gainfully employed.

APPEAL by plaintiff from *Grady, Judge.* Judgment awarding alimony *pendente lite* entered 16 November 1978 in District Court, BRUNSWICK County. Judgment of absolute divorce entered 22 November 1978. Heard in the Court of Appeals 25 September 1979.

This is an action for absolute divorce based on one year separation. Substantially, the complaint alleged that the plaintiff and defendant were married on 29 May 1948, and thereafter lived together as husband and wife until 15 July 1976, when they separated; that since 15 July 1976, the parties have lived continuously separate and apart and at no time have resumed the marital relationship; that there was one child born of the marriage, 23 years of age, and emancipated.

The defendant answered the complaint of the plaintiff by admitting the allegations and filing a counterclaim alleging that on or about 15 July 1976, the plaintiff, without just cause or excuse, abandoned the defendant; that such abandonment was without just cause or adequate provocation; that throughout their married life the defendant had worked toward helping the plaintiff accumulate substantial property and wealth, most of which was placed in the plaintiff's name; that the plaintiff has substantial income and is the supporting spouse.

The counterclaim further sets out that the defendant's health is extremely bad; that she no longer is able to be gainfully employed and has no income except approximately $300 per month from some property owned by the parties as tenants by the entirety which her husband permitted her to keep; that she is the dependent spouse and does not have sufficient means to subsist during the prosecution of her counterclaim nor to defray the expense of this action.

The defendant served notice on the plaintiff that the defendant would move for an order directing the plaintiff to pay alimony and attorney fees pending the trial of the cause. At the hearing the defendant's evidence showed the marriage of the parties on 29 May 1948; that the plaintiff and defendant worked together and used a common bank account; that jointly they had acquired three homes as tenants by the entirety; that the plaintiff had acquired 100 shares of stock, representing a one-half interest in the Oak Island Service Corporation which owned a 33-unit motel; that

they owned an apartment house worth $90,000 and several lots; that the plaintiff also sold cars occasionally and currently was engaged in the sale of lightning rods.

The evidence further showed that Mr. and Mrs. Robbins worked together in the operation of the motel until April 1976 when the defendant, because of illness, was forced to cease work. She subsequently, on her doctor's orders, moved on 15 July 1976 into a house owned by the parties and still resides therein with the adult son born to the parties hereto; that the plaintiff has not visited the defendant in the house but has remained on the job at the motel, when open, since that date.

There was further evidence that the plaintiff owned a Granada, a Lincoln Continental, a Cougar, a pickup truck and an interest in a camper; that after the motel closed, sometime after Labor Day each year, plaintiff traveled extensively.

The defendant testified that she has $1,500, or less, in a bank account; that she had transferred about $15,000 from a joint account owned with her husband into the name of her son, which said money she could have transferred back to herself upon demand. The defendant also testified that she had net income from the two houses owned by the parties as tenants by the entirety, totaling about $300 net per month. She also admitted that she occupied her homeplace rent free and paid no taxes or insurance on the property; that her husband had given her $450 cash and paid the utilities twice since she had lived in the house.

In an affidavit the defendant set out living expenses totaling approximately $6,000 per annum, which on cross-examination the defendant admitted contained cost items that were a little high.

At the conclusion of this evidence, the court entered an order based on the foregoing evidence finding as a fact and concluding as a matter of law that the plaintiff abandoned the defendant; that the plaintiff is the supporting spouse and that the defendant is the dependent spouse; that the defendant did not have sufficient means to subsist on during the prosecution of her counterclaim and that the defendant should be entitled to live in the house mentioned aforesaid and continue to have the rent on the two houses mentioned above; that, in addition, the plaintiff should pay to the defendant for her use and benefit the sum of

$150 per month pending the trial of this case; that, in addition, the plaintiff shall pay the necessary maintenance on the three houses and pay the necessary taxes and insurance. No award was made for attorney fees.

The plaintiff appealed.

*Frink, Foy & Gainey, by E. M. Allen III, for plaintiff appellant.*

*No brief for defendant appellee.*

HILL, Judge.

Five questions are raised by the appellant in his brief. All arose out of the findings of fact or the conclusions reached by the court from such findings.

[1] Appellant contends the court erred in concluding that the plaintiff had abandoned the defendant; that such a conclusion is not supported by the findings of fact by the court or the evidence.

Abandonment within the meaning of the statute occurs when one spouse brings cohabitation to an end without justification, without consent, and without any intent of renewing such cohabitation. *Panhorst v. Panhorst*, 277 N.C. 664, 178 S.E. 2d 387 (1971).

The evidence indicates that the plaintiff had not entered the home of the defendant since 15 July 1976. Plaintiff contends that it is admitted by the defendant that he remained at the motel to assist in the operation of the institution; however, there is testimony that the plaintiff was able to travel extensively after the motel closed sometime after Labor Day, and he was also engaged in the sale of used cars and lightning rods. Plaintiff's unwillingness to visit an acknowledged sick wife, even for brief periods, indicates that he intended to abandon her.

[2] The next four exceptions challenge the findings of the court that the defendant is a dependent spouse; the plaintiff's financial ability to pay; that the defendant did not have sufficient means to subsist during the prosecution of her counterclaim and the defense of her suit; and the granting of defendant's motion for alimony *pendente lite* without requisite findings of fact.

The four points are interrelated and will be answered as a class. We believe there is sufficient evidence in the record and sufficient findings of fact to support the conclusions of the trial judge.

In making findings of fact under the provisions of G.S. 50-16.3, it is not necessary that the trial judge make detailed findings as to each allegation and evidentiary fact presented. It is necessary that he find the ultimate facts sufficient to establish that the dependent spouse is entitled to an award of alimony *pendente lite* under the provisions therein.

The trial court must make findings of fact to show three requirements:

(1) the existence of a marital relationship;

(2) the spouse is (a) actually or substantially dependent upon the other spouse for maintenance and support, or (b) is substantially in need of maintenance and support from the other spouse; and

(3) the supporting spouse is capable of making the required payments.

*Hampton v. Hampton,* 29 N.C. App. 342, 224 S.E. 2d 197 (1976).

The mere fact that a wife has property or means of her own does not prohibit an award of alimony *pendente lite. Strother v. Strother,* 29 N.C. App. 223, 223 S.E. 2d 838 (1976).

A dependent spouse is one who actually is substantially dependent upon the other spouse for his or her maintenance or support or one who is substantially in need of such maintenance and support. G.S. 50-16.1(3). The only income of the defendant is from the real estate rentals on property held by the entirety to which the plaintiff is entitled as a matter of law. The plaintiff, by consenting that the defendant could receive the rents and profits therefrom, acknowledged her dependency upon him. The expenses stated in Mrs. Robbins' affidavit are in excess of her stated income. The fact that the plaintiff paid the taxes and insurance on all of the dwellings indicated that he was aware that the defendant did not have sufficient income.

Savings & Loan Assoc. v. Savings & Loan Comm.

Although the income for the plaintiff is not set out in detail, it is evident that the plaintiff owns considerable properties, is gainfully employed and travels extensively.

For the reasons set forth herein, we hold that the findings of fact are supported by the evidence, and the conclusions of law are supported by the findings of fact. The judgment of the trial court below is

Affirmed.

Judges VAUGHN and ERWIN concur.