PRISCILLA A. LONG v. GEORGE RAY LONG

No. 8418DC98

(Filed 20 November 1984)

1. **Divorce and Alimony § 7— no entitlement to alimony—divorce from bed and board action not terminated**

     The trial court's determination that plaintiff was not a dependent spouse and thus was not entitled to alimony did not terminate plaintiff's action for divorce from bed and board, since a party suing for divorce from bed and board is not required to apply for alimony.

2. **Divorce and Alimony § 16.6— dependent spouse—erroneous finding and conclusion**

     The trial court erred in finding that no evidence of defendant's expenses and income for 1983 was presented where the evidence included defendant's 1982 income tax return and testimony that defendant worked at the same business throughout the marriage and at the time of the hearing and that his standard of living remained the same. The trial court also erred in concluding, partly on the basis of such erroneous finding, that defendant was not a supporting spouse, particularly since the court found that plaintiff had borrowed $14,000 in order to maintain her accustomed standard of living.

3. **Divorce and Alimony § 16— same grounds for alimony and divorce—procedure for determining alimony**

     Where the grounds asserted for alimony are asserted simultaneously as grounds for divorce, the right to alimony depends on the legal entitlement to divorce regardless of financial dependency, and the correct procedure in such cases is to allow the jury to render its verdict on the "fault" issues of divorce and then to move to a bench hearing on dependency and the proper amount, if any, of alimony. G.S. 50-16.2; G.S. 50-16.8.

APPEAL by plaintiff from *Cecil, Robert L., Judge.* Judgment entered 21 December 1983, in GUILFORD County District Court. Heard in the Court of Appeals 23 October 1984.

Plaintiff Priscilla Long and defendant George Long married in 1980 and separated in October 1982. Plaintiff filed this action in April 1983, asking for divorce from bed and board, alimony, recovery for damage to her property, and other equitable relief. Plaintiff demanded a jury trial as to all issues. In June 1983 the court, finding that plaintiff was the dependent and defendant the supporting spouse, awarded plaintiff alimony *pendente lite* and enjoined both parties from disposing of marital property. The jury trial commenced 19 September 1983; two days later the court recessed the trial to determine the question of interspousal

dependency in a bench proceeding. After plaintiff presented her evidence, defendant moved to dismiss. Plaintiff moved to reopen her case, but the court denied her motion and allowed the motion to dismiss, finding that defendant was not a supporting spouse. Based on its finding of no dependency, the court then declared a mistrial. Plaintiff appealed.

*Hatfield & Hatfield, by Kathryn K. Hatfield, for plaintiff.*

*Morgan, Post, Herring, Morgan & Green, by James F. Morgan and David K. Rosenblutt, for defendant.*

WELLS, Judge.

[1] The court ordered a mistrial after determining that plaintiff was not entitled to alimony. This clearly constituted error.

Suit for divorce from bed and board is not exclusively a means for collection of alimony, but also a means of establishing a certain legal relationship. *See Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790 (1961); 1 Lee, N.C. Family Law § 35 (1979). Although alimony may be the true subject of controversy, the statutory provisions allowing suit for alimony are permissive, not mandatory; a party suing for divorce from bed and board *may,* but is not required to, apply for alimony. N.C. Gen. Stat. § 50-16.8(b) (1976); *McCarley v. McCarley,* 289 N.C. 109, 221 S.E. 2d 490 (1976). The court's ruling on dependency accordingly could not *ipso facto* terminate the action for divorce. The order of mistrial thus constituted error, and plaintiff is entitled to a new trial.

[2] Plaintiff also assigns error to the court's conclusion of law, based on findings of fact entered after the bench hearing, that defendant was not a supporting spouse. A supporting spouse is a spouse "whether husband or wife, upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support." G.S. § 50-16.1(4). A spouse meets the definition if he or she qualifies under either test, *see Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971), which essentially is the same as that applied for "dependent spouse." G.S. § 50-16.1(3); *see Galloway v. Galloway,* 40 N.C. App. 366, 253 S.E. 2d 41 (1979). The primary issue is not the *supporting* spouse's ability to pay, it is whether the spouse seeking alimony is a dependent spouse. The statute looks first to the

ability of the spouses to maintain the standard of living to which they have become accustomed during the last years of the marriage. *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980). The burden on the applicant for alimony is to show the accustomed standard of living and lack of means to maintain that standard. *Id.* Only then does the ability of the other spouse to pay become significant. *Id.* (ability to pay discussed only secondarily); *see also Sprinkle v. Sprinkle*, 17 N.C. App. 175, 193 S.E. 2d 468 (1972) (ability to pay separate from determination of dependency). We emphasize that it is not necessary that a spouse be reduced to penury to be considered dependent; the *accustomed* standard of living is the proper measure. *Gardner v. Gardner*, 40 N.C. App. 334, 252 S.E. 2d 867, *disc. rev. denied*, 297 N.C. 299, 254 S.E. 2d 917 (1979).

The court here made several findings regarding the parties' assets and general financial condition, and found that plaintiff had maintained her pre-separation standard of living while borrowing $14,000. The fact that a spouse can maintain the accustomed standard of living, by whatever means, pending the outcome of alimony litigation, does not determine the dependent-supporting spouse issue. A finding that a spouse was forced to borrow substantial funds in order to maintain her accustomed standard of living would ordinarily lead to the conclusion plaintiff was a dependent spouse.

In reaching its conclusion that defendant was not the supporting spouse the trial court relied on its findings that no evidence as to defendant's gross or net income for 1983 was presented, as well as no evidence as to his personal expenses. When the trial judge sits as finder of fact, the findings are conclusive if supported by any competent evidence. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). The mere introduction of evidence does not entitle the proponent to a finding thereon, since the finder must pass on its weight and credibility, *see Vance v. Guy*, 224 N.C. 607, 31 S.E. 2d 766 (1944); however, the trial judge must consider *all* the competent evidence, *Hodges v. Hodges*, 257 N.C. 774, 127 S.E. 2d 567 (1962), and may not ignore relevant issues of fact, *Chemical Realty Corp. v. Home Fed'l Savings & Loan*, 65 N.C. App. 242, 310 S.E. 2d 33 (1983), *disc. rev. denied*, 310 N.C. 624, 315 S.E. 2d 689, *cert. denied*, --- U.S. ---, 105 S.Ct. 128 (1984). It follows that when competent evidence on

an issue is before the court, a finding that *no* evidence has been introduced as to that issue is erroneous. *See Cross v. Baxter*, 604 F. 2d 875 (5th Cir. 1979) (error to ignore substantial evidence).

The evidence introduced included defendant's most recent income tax return 1982, together with testimony that he had worked at the same business, owned by his family, throughout the marriage and still worked there at the time of the hearing, while maintaining the same standard of living. This evidence provided an adequate basis for findings as to defendant's income and take home pay in 1983. The court's finding that no evidence was introduced as to defendant's income and take home pay thus clearly constituted error.

While no evidence was introduced as to defendant's specific expenses, plaintiff did introduce evidence that defendant's standard of living was about the same as before the separation. The burden of showing changes in his expenses lay on defendant, not plaintiff, particularly since that information lay within his control. Moreover, we note that the record contains the order for alimony *pendente lite*, which details all the allegedly missing information, and which the court could have taken judicial notice of. *In re Stokes*, 29 N.C. App. 283, 224 S.E. 2d 300 (1976). We conclude that the findings of no evidence were erroneous, and the conclusions based thereon, apparently based on incorrect interpretation of the law, erroneous. We emphasize, however, that the foregoing erroneous findings go to defendant's ability to pay support, which is a secondary issue, and not to plaintiff's needs for support, which was the primary issue.

[3] Since we have ordered a new trial on the other issues, and since plaintiff's alimony claim was erroneously dismissed, a new trial on all issues is appropriate. Plaintiff's other assignment of error is thus moot. To prevent repetition, we comment briefly on the unusual procedure at the first trial. While it is true that the determination of dependency properly rests with the trial judge, not the jury, *Vandiver v. Vandiver*, 50 N.C. App. 319, 274 S.E. 2d 243, *disc. rev. denied*, 302 N.C. 634, 280 S.E. 2d 449 (1981); *Bennett v. Bennett*, 24 N.C. App. 680, 211 S.E. 2d 835 (1975); nevertheless, where, as here, the grounds asserted for alimony are asserted simultaneously as grounds for divorce, the right to alimony depends on the legal entitlement to divorce, regardless of finan-

cial dependency. *See* G.S. §§ 50-16.2; 50-16.8. The ordinary and correct procedure in such cases, therefore, is to allow the jury to render its verdict on the "fault" issues of divorce, and then, and only then, to move to a bench hearing on dependency and the proper amount, if any, of alimony.

New trial.

Judges ARNOLD and BECTON concur.