HAZEL S. ALVAREZ, Plaintiff-Appellant v. ANTONIO ALVAREZ, Defendant-Appellee

No. COA98-1133

(Filed 20 July 1999)

**1. Divorce— alimony—relevant factors**

The trial court did not err by denying a claim for permanent alimony where plaintiff contended that the court based its decision on the sole factor of her constructive abandonment of her husband. The 1995 statute which replaced fault-based alimony with a need-based approach mandates consideration of listed relevant factors, with marital misconduct as only one of a number

ALVAREZ v. ALVAREZ

[134 N.C. App. 321 (1999)]

to be considered. The record shows that the court here considered the other relevant factors. N.C.G.S. § 50-16.3A (b).

**2. Divorce— alimony—findings supported by evidence— weight of unsupported findings not determined**

The trial court erred by denying permanent alimony where three of the court's findings were not supported by the evidence; the matter was remanded where the weight the court assigned to those findings could not be determined.

**3. Divorce— alimony pendente lite—credit**

The statute which allowed a court to give a party credit for alimony pendente lite payments made prior to the denial of an award of permanent alimony was repealed by the 1995 amendments to the North Carolina alimony law. Any determination of credit for post-separation support payments must be calculated from the entry of the court's judgment.

Appeal by plaintiff from judgment entered 17 March 1998 by Judge Alexander Lylerly, District Court, Mitchell County. Heard in the Court of Appeals 22 April 1999.

*Legal Services of Blue Ridge, Inc., by Attorney Samuel F. Furgiuele, Jr. for the plaintiff.*

*Attorney Jack L. Wilson, Jr. for the defendant.*

WYNN, Judge.

On 5 March 1997, Hazel S. Alvarez brought an action to divorce her husband, Antonio Alvarez, after nearly twenty-one years of marriage. Earlier, the parties separated when Mrs. Alvarez—with the help of several members of her family—ordered Mr. Alvarez to leave their marital residence. She contended that she directed her husband to leave because he had sexually molested her three minor granddaughters five years earlier and had refused to seek marital counseling during the interim.

Following a hearing on her claim for post-separation support, District Court Judge Kyle D. Austin awarded post-separation support to her in the amount of $550 per month. However, after a trial on her claims for alimony and divorce from bed and board, District Court Judge Alexander Lyerly denied her claim for alimony and gave Mr. Alvarez credit for any post-separation support paid after 11

December 1997—the date of the hearing. Mrs. Alvarez appealed to this Court.

I.

[1] Mrs. Alvarez first contends on appeal that the trial court erred in denying her claim for permanent alimony because it failed to consider all the relevant factors under N.C. Gen. Stat. § 50-16.3A (b). We disagree.

The decision to award alimony is a matter within the trial judge's sound discretion and is not reviewable on appeal absent a manifest abuse of discretion. *See Sayland v. Sayland,* 267 N.C. 378, 148 S.E.2d 218 (1966). When considering the amount of alimony, however, we must review whether the trial judge followed the requirements of the applicable statutes. *See Quick v. Quick,* 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982).

Prior to 1 October 1995, North Carolina alimony law was governed by a fault-based approach that consisted of a laundry list of misconduct required to prove a dependent spouse's entitlement to alimony. *See* Act of June 21, 1995, ch. 319, 1995 N.C. Sess. Laws 641 (codified at N.C. Gen. Stat. § 50-16.1A to 16.9 (1995)) (repealing several portions of chapter 50 including § 50-16.2's grounds for alimony, plus adding several new sections including § 50-16.3A). Under the former alimony law, the supporting spouse could also claim that the dependent spouse had committed any of these acts of misconduct as a defense to a claim for alimony. *See Skamarak v. Skamarak,* 81 N.C. App. 125, 343 S.E.2d 559 (1986).

However, on 1 October 1995, this fault-based approach was replaced by a need-based alimony statute. *See* N.C. Gen. Stat. § 50-16.3A (1995). The new statute mandates that in determining the appropriateness of an alimony award, the trial court must: (1) find that one spouse is a dependent spouse; (2) find that the other is a supporting spouse; and (3) consider all of the following relevant factors set forth in N.C. Gen. Stat. § 50-16.3A (b):

(1) The marital misconduct of either of the spouses. Nothing herein shall prevent a court from considering incidents of post date-of-separation marital misconduct as corroborating evidence supporting other evidence that marital misconduct occurred during the marriage and prior to date of separation;

(2) The relative earnings and earning capacities of the spouses;

(3) The ages and the physical, mental, and emotional conditions of the spouses;

(4) The amount and sources of earned and unearned income of both spouses, including, but not limited to, earnings, dividends, and benefits such as medical, retirement, insurance, social security, or others;

(5) The duration of the marriage;

(6) The contribution by one spouse to the education, training, or increased earning power of the other spouse;

(7) The extent to which the earning power, expenses, or financial obligations of a spouse will be affected by reason of serving as the custodian of a minor child;

(8) The standard of living of the spouses established during the marriage;

(9) The relative education of the spouses and the time necessary to acquire sufficient education or training to enable the spouse seeking alimony to find employment to meet his or her reasonable economic needs;

(10) The relative assets and liabilities of the spouses and the relative debt service requirements of the spouses, including legal obligations of support;

(11) The property brought to the marriage by either spouse;

(12) The contribution of a spouse as homemaker;

(13) The relative needs of the spouses;

(14) The federal, state, and local tax ramifications of the alimony award;

(15) Any other factor relating to the economic circumstances of the parties that the court finds to be just and proper.

*Id.*

Thus, under this need-based approach, marital misconduct is only one factor to be considered when determining the amount and duration of a potential alimony award. *See id.*

In this case, Mrs. Alvarez argues that the trial court based its decision to deny her claim for permanent alimony on a sole factor of mar-

ital misconduct—the constructive abandonment of her husband. Ostensibly, she asserts that the trial court improperly failed to consider any of the other relevant factors in its determination of permanent alimony—thereby comporting with this State's prior fault-based approach rather than with its current need-based approach.

The record, however, shows that the trial court considered other factors when making its decision to deny her claim for alimony. Under finding number twenty-seven, the trial court stated:

27) In addition to the above findings, the Court has considered the following factors set forth in N.C. Gen. Stat. § 50-16.3A(b):

a) The 'marital misconduct' of the Plaintiff as set forth in paragraph 25. (N.C. Gen. Stat. 50-16.3A(b)(1). Plaintiff's 'marital misconduct' was the direct cause of the separation of the parties and was done with the knowledge of her immediate family.

b) The relative earnings and earning capacities of the parties (N.C. Gen. Stat. § 50-16.3A(b)(2). Both parties are capable of earning an income. The Plaintiff, as set forth above, possesses the ability to work and earn an income.

c) The ages and physical, mental and emotional condition of the parties (N.C. Gen. Stat. § 50-16.3A(b)(3). The parties are in their 60s and each has medical conditions, although not debilitating, that affect them physically and impacts upon their present and future employment ability.

d) The amount and sources of earned and unearned [income] of both spouses. (N.C. Gen. Stat. 50-16.3A(b)(4). The earnings and expenses of the parties that have been set forth hereinabove.

e) The duration of the marriage. (N.C. Gen. Stat. § 50-16.3A(b)(5).

f) The standard of living of the parties established during the marriage. (N.C. Gen. Stat. § 50-16.3A(b)(8). The Plaintiff continues to reside in the marital residence and has presented no evidence showing a change in her standard of living since she instructed the Defendant to leave the home. In contrast, Defendant's standard of living has decreased. He resides in an apartment where he has no telephone and has incurred additional expenses.

g) The relative education of the spouses. (N.C. Gen. Stat. § 50-16.3A(b)(9). The Plaintiff has a degree as a nursing assistant

and has worked in that capacity within a relevant time in the past. Defendant has no formal education above the high school level.

h) The relative needs of the spouse. (N.C. Gen. Stat. § 50-16.3A(b)(13). Plaintiff's evidence failed to show any existing needs she has incurred, except transportation.

Because the trial court, in addition to considering its finding that the wife constructively abandoned the husband, also considered the other relevant factors under G.S. § 50-16.3A(b), we reject Mrs. Alvarez's first assignment of error.

II.

[2] Nonetheless, Mrs. Alvarez asserts, even if the trial court properly considered other factors in denying her claim for alimony, its judgement is still flawed because at least three of the findings of fact used to support its conclusions of law are not supported by competent evidence. With that contention, we agree.

Our law requires the trial court to consider all the competent evidence and not ignore relevant issues of fact. *See Long v. Long*, 71 N.C. App. 405, 322 S.E.2d 427 (1984).

Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980).

The record reveals that the trial court made at least three findings of fact which were not supported by the evidence presented at the trial.

First, finding of fact number twelve states that "[t]he Plaintiff testified that she was not taking any medication prescribed by a treating physician; that she suffered from no injuries and had no major medical problems." However, the record shows that the wife testified, *inter alia*, that: (1) she was taking Effexor—a medication for depression prescribed by her doctor and (2) she suffered from numerous medical problems including arthritis, a bleeding ulcer, a hiatal hernia, and a recent mastectomy.

Secondly, finding of fact number fifteen states that "[t]here is no evidence before the Court, which demonstrated the Plaintiff's inability to work and earn an income with which she can support herself." Yet, the record shows that Mrs. Alvarez testified that she was unable to work as a result of the aforementioned medical problems. Because this competent evidence was before the court, we must conclude that the trial court erred in finding that no evidence was introduced as to that issue. *See Long*, 71 N.C. App. at 407-08, 322 S.E.2d at 430.

Third, finding of fact number twenty states that "[t]he Defendant's monthly expenses, together with the above marital debts nearly exceeds his net monthly income." The husband's counsel, however, conceded during oral argument that this finding was erroneous. Therefore, we must find that this finding was also in error.

Given our inability to determine the weight that the trial court assigned to these erroneous findings of facts, its use of these findings to support the apparent conclusions of law under finding number twenty-seven requires the reversal and remand of its judgment. *See Becker v. Becker*, 127 N.C. App. 409, 489 S.E.2d 909 (1997). For example, subpart (b) of number twenty-seven—pertaining to the court's consideration of each parties' relative earning capacity—appears to have been based on the unsupported findings of fact numbers twelve and fifteen. Further, subpart (d) of number twenty-seven—involving its consideration of the amount and sources of both spouses' earned and unearned income—and part (f)—involving the spouses' established standard of living during the marriage—appear to have been based on the unsupported finding of fact number twenty.

Accordingly, we reverse and remand this matter to allow the trial court to make proper findings of fact and base its new alimony decision thereon.

[3] We further note that upon remand, the trial court should consider that N.C. Gen. Stat. § 50-16.11—which allowed a court to give a party credit for *alimony pendente lite* payments made prior to the denial of an award of permanent alimony—was repealed by the 1995 amendments to North Carolina's alimony law. *See* Act of June 21, 1995, ch. 319, 1995 N.C. Sess. Laws 641. Thus, any determination of credit for post-separation support payments must be calculated from the entry of the trial court's judgment. *See West v. Marko*, 130 N.C. App. 751, 755, 504 S.E.2d 571, 573-74 (1998) (holding that a judgment is not enforceable until it is entered which occurs when the judgment is

"reduced to writing, signed by the judge, and filed with the clerk of the court").

Reversed and remanded.

Judges WALKER and HUNTER concur.