ENOCHS, Judge.
 

 Emmanuel Sergeef ("Plaintiff") appeals from the trial court's 23 November 2015 child support order. After careful review, we affirm in part, reverse in part, vacate in part, and remand.
 

 Factual Background
 

 Plaintiff and Defendant were married on 22 July 2009. The parties are the parents of one minor child, Melissa.
 
 [1]
 
 The Defendant has one other biological child, Henry, from a previous relationship. The parties separated on 31 December 2012 and divorced on 1 August 2014. Defendant is self-employed and owns a nail salon business in Wilmington, North Carolina. Plaintiff has several sources of income, including carpentry and photography.
 

 On 26 July 2013, Plaintiff filed a complaint in New Hanover County District Court seeking an emergency custody order for the parties' minor child Melissa on the ground that Defendant had engaged in a physical altercation with her minor son, Henry, resulting in intervention by the New Hanover County Department of Social Services and the filing of child abuse charges against her. On 3 September 2013, the Honorable J.H. Corpening, II entered an order granting Plaintiff temporary care, custody, and control of both Melissa and Henry.
 

 On 3 December 2013, Plaintiff filed a motion in the cause seeking prospective child support, and on 9 December 2013 he filed an amended motion seeking retroactive child support as well. Defendant filed an answer and counterclaims for (1) custody of Melissa and Henry; (2) child support; and (3) absolute divorce.
 

 On 2 July 2014, a hearing was held to determine custody of the minor children. That same day, the trial court entered a consent order providing that the parties would have joint legal and physical custody of Melissa, and that Henry would remain in Plaintiff's custody during the pendency of Defendant's probationary period related to the child abuse charges stemming from her altercation with Henry, after which time Henry would decide whether to reside with Plaintiff or Defendant. The order also reflected that the parties had agreed that child support would be calculated pursuant to the North Carolina Child Support Guidelines.
 

 A child support hearing was subsequently held before the Honorable Robin W. Robinson in New Hanover County District Court on 21 and 22 May 2015. At the hearing, Plaintiff submitted a two-step valuation model for determining Defendant's gross income for child support calculation purposes. The first component entailed a purported computation of Defendant's gross income by subtracting Defendant's business and rental expenses from her alleged gross revenue. The second sought to corroborate the first by presenting evidence of Defendant's personal expenditures as reflected in various banking records and a financial standing affidavit allegedly prepared and signed by Defendant, although Defendant denied ever signing this document at the hearing and maintained that the signature on the affidavit was a forgery. Plaintiff's model arrived at an estimated gross annual income for Defendant of $132,388.00.
 

 Defendant, in turn, admitted into evidence her tax returns reflecting that her income was a substantially lesser amount than the $132,388.00 amount arrived at by Plaintiff. Defendant's 2013 tax returns reflected a gross income of $30,749.00 and her 2014 returns indicated a gross income of $23,666.00. Plaintiff's and Defendant's joint 2012 tax return reflected a combined gross income of $30,092.00.
 

 On 23 November 2015, the trial court entered a child support order. The order adopted the gross income amount for Defendant as set forth in the tax return evidence introduced by Defendant at the hearing. Based on this information and the child support worksheets prepared by Defendant, the trial court determined that (1) Defendant did not owe any retroactive child support arrears to Plaintiff; and (2) beginning from 1 August 2015 forward, Defendant would pay $101.26 per month in child support to Plaintiff. On 18 December 2015, Plaintiff filed notice of appeal of the trial court's 23 November 2015 child support order.
 

 Analysis
 

 It is well established that " '[c]hild support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion.' "
 
 Trevillian v. Trevillian
 
 ,
 
 164 N.C.App. 223
 
 , 226,
 
 595 S.E.2d 206
 
 , 208 (2004) (quoting
 
 Mason v. Erwin
 
 ,
 
 157 N.C.App. 284
 
 , 287,
 
 579 S.E.2d 120
 
 , 122 (2003) ). "This Court's review is limited to a consideration of whether there is sufficient competent evidence to support the findings of fact, and whether, based on these findings, the Court properly computed the child support obligations."
 
 Miller v. Miller
 
 ,
 
 153 N.C.App. 40
 
 , 47,
 
 568 S.E.2d 914
 
 , 918-19 (2002). Furthermore, "[e]videntiary issues concerning credibility, contradictions, and discrepancies are for the trial court-as the fact-finder-to resolve and, therefore, the trial court's findings of fact are conclusive on appeal if there is competent evidence to support them despite the existence of evidence that might support a contrary finding."
 
 Smallwood v. Smallwood
 
 , ---N.C.App. ----, ----,
 
 742 S.E.2d 814
 
 , 817 (2013) ;
 
 see
 

 Shipman v. Shipman
 
 ,
 
 357 N.C. 471
 
 , 474-75,
 
 586 S.E.2d 250
 
 , 253-54 (2003) ("Our trial courts are vested with broad discretion in child custody matters. This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges. Accordingly, should we conclude that there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if record evidence might sustain findings to the contrary." (internal citations and quotation marks omitted));
 
 see also
 

 Wiseman Mortuary, Inc. v. Burrell
 
 ,
 
 185 N.C.App. 693
 
 , 697,
 
 649 S.E.2d 439
 
 , 442 (2007) (" 'Findings of fact are conclusive if supported by competent evidence, irrespective of evidence to the contrary.' " (quoting
 
 Oliver v. Bynum
 
 ,
 
 163 N.C.App. 166
 
 , 169,
 
 592 S.E.2d 707
 
 , 710 (2004) )).
 

 I.
 
 Valuation of Defendant's Income
 

 Plaintiff's first argument on appeal is that the trial court erroneously calculated
 
 *194
 
 Defendant's income for purposes of calculating her child support obligations. Specifically, he contends that the trial court should have utilized his valuation method instead of relying on the information contained in Defendant's tax returns. We cannot agree.
 

 Here, evidence was presented at the hearing as to Defendant's gross income based on the information reflected in her tax returns. Tax returns have long been consistently relied upon by North Carolina courts as constituting competent evidence of a self-employed individual's income.
 
 See
 

 Kelly v. Kelly
 
 ,
 
 228 N.C.App. 600
 
 , 608,
 
 747 S.E.2d 268
 
 , 277 (2013) (in alimony modification action "the actual numbers presented to the trial court in the income tax returns of the defendant and his law firm support the trial court's finding that defendant's income has fluctuated but not decreased substantially. Defendant may disagree with the trial court's finding that any decreases in the two most recent years in his income have not been 'substantial' and that his business has not changed in a material way, but the trial court clearly considered the evidence, weighed its credibility, and made appropriate findings based on the evidence. This Court cannot substitute its judgment for that of the trial court in this situation");
 
 see also, e.g.
 
 ,
 
 Hill v. Sanderson
 
 , ---N.C.App. ----, ----,
 
 781 S.E.2d 29
 
 , 37 (2015) ;
 
 Robinson v. Robinson
 
 ,
 
 210 N.C.App. 319
 
 , 327,
 
 707 S.E.2d 785
 
 , 792 (2011) ;
 
 Squires v. Squires
 
 ,
 
 178 N.C.App. 251
 
 , 257,
 
 631 S.E.2d 156
 
 , 159 (2006) ;
 
 Long v. Long
 
 ,
 
 71 N.C.App. 405
 
 , 408,
 
 322 S.E.2d 427
 
 , 430 (1984) ;
 
 Whitley v. Whitley
 
 ,
 
 46 N.C.App. 810
 
 , 811,
 
 266 S.E.2d 23
 
 , 24 (1980).
 

 While Plaintiff proffers an alternative income computation model based upon evidence he has compiled from information contained in Defendant's various banking records, the trial court chose to give greater weight to the information contained in Defendant's tax returns. We will not disturb a trial court's findings based upon competent evidence, even where other evidence may tend to support a contrary result. The trial court is in the best position to weight and consider the evidence and the testimony of witnesses at trial. As a result, we hold that competent evidence existed to support the trial court's findings of fact as to Defendant's income. Plaintiff's arguments on this issue are consequently overruled.
 

 II.
 
 Computation of Defendant's Child Support Obligations
 

 A.
 
 Retroactive Child Support Obligation for Henry
 

 Plaintiff contends that the trial court failed to follow the North Carolina Child Support Guidelines when computing Defendant's child support obligation to Plaintiff. We agree. The trial court correctly utilized worksheet A to compute Defendant's obligation, but failed to enter the basic child support obligation required by line item 4.
 

 Plaintiff next contends that there was insufficient evidence in the record supporting its finding that "During the time that [Henry] was in the care of Plaintiff, Defendant paid for extraordinary expenses including her son's tuition at Wilmington Christian Academy which averaged $627.00 per month, out of pocket medical and dental expenses, shoes and clothing, cell phone bill and gave him spending money." After a thorough review of the record and transcript, we vacate this portion of the trial court's order and remand for additional findings.
 

 While we note that Defendant's "Worksheet A Child Support Obligation Primary Custody" denotes a $627.00 amount under "[e]xtraordinary expense[s]" which is equivalent to the amount found by the trial court to be for Henry's private school expenses, the worksheet does not actually state that this is what the $627.00 amount pertains to. Additionally, nowhere else in the record on appeal is there any other evidence that Defendant paid for Henry's schooling during the applicable time period.
 

 While it may be the case that this amount is, in fact, reflective of the amount paid by Defendant for Henry's education, the trial court did not expressly state in its findings that the $627.00 amount reflected in the child support worksheet was what it was relying upon in making this finding. As a result, we vacate this portion of the trial court's order and remand to the trial court to make additional findings of fact on this issue.
 
 See
 

 *195
 

 Hampton v. Hampton
 
 ,
 
 29 N.C.App. 342
 
 , 344,
 
 224 S.E.2d 197
 
 , 199 (1976) ( " '[W]hen the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence ... then the order entered thereon must be vacated and the case remanded for detailed findings of fact.' " (quoting
 
 Crosby v. Crosby
 
 ,
 
 272 N.C. 235
 
 , 238-39,
 
 158 S.E.2d 77
 
 , 80 (1967) ));
 
 See
 

 Vadala v. Vadala
 
 ,
 
 145 N.C.App. 478
 
 , 480,
 
 550 S.E.2d 536
 
 , 538 (2001) (remanding for further findings of fact when trial court made finding as to amount of plaintiff's income, but gave "no indication as to how [plaintiff's income] was calculated" and this Court, therefore, could not "confirm or deny this finding").
 

 Additionally, because the trial court's additional findings on remand may potentially impact the amount of retroactive child support owed, we direct the trial court to recalculate the amount of retroactive child support in light of its additional findings.
 
 See
 

 Kowalick v. Kowalick
 
 ,
 
 129 N.C.App. 781
 
 , 788,
 
 501 S.E.2d 671
 
 , 676 (1998) ("We therefore remand for entry of findings on this issue, and for recalculation of the amount of Defendant's child support obligation if necessary.").
 

 B.
 
 Retroactive Child Support Obligation for Melissa
 

 Plaintiff's final argument on appeal is that the trial court's finding that the parties had joint custody of Melissa from August 2013 through December 2013 was not based upon competent evidence. In support of his position, Plaintiff directs us to the following testimony of Defendant at the hearing:
 

 Q. All right. Now, let's talk about 2013. Can we agree, factually, that, on July 18, 2013, both of your children were placed in the custody of Mr. Sergeef?
 

 A. Yes.
 

 Q. All right. And can we agree that, for the balance of 2013, both of your children were in the physical legal custody of Mr. Sergeef?
 

 A. Yes.
 

 Based on this exchange and the absence of any evidence to the contrary, we agree with Plaintiff that the trial court's finding of fact that "[s]ince August 2013, the parties have shared custody of their minor child, [Melissa], equally" is unsupported by the evidence. This, in turn, directly impacts the trial court's conclusion of law that "Defendant has paid adequate support based on the North Carolina Child Support Guidelines and owes no arrears."
 

 As discussed above, " 'when the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence ... then the order entered thereon must be vacated and the case remanded for detailed findings of fact.' "
 
 Hampton
 
 ,
 
 29 N.C.App. at 344
 
 ,
 
 224 S.E.2d at 199
 
 (quoting
 
 Crosby
 
 ,
 
 272 N.C. at 238-39
 
 ,
 
 158 S.E.2d at
 
 80 );
 
 see also
 

 State ex rel. Fisher v. Lukinoff
 
 ,
 
 131 N.C.App. 642
 
 , 649,
 
 507 S.E.2d 591
 
 , 596 (1998) (reversing and remanding case for additional findings where findings were insufficient to support conclusion of law but "ample evidence" existed in record to support such additional findings as would ultimately support conclusion of law). "However, if there is no competent evidence to support a finding of fact, an exception to the finding must be sustained and a judgment or order predicated upon such erroneous findings must be reversed."
 
 Bridges v. Bridges
 
 ,
 
 85 N.C.App. 524
 
 , 526,
 
 355 S.E.2d 230
 
 , 231 (1987).
 

 In
 
 Biggs v. Greer
 
 ,
 
 136 N.C.App. 294
 
 , 305-06,
 
 524 S.E.2d 577
 
 , 585-86 (2000), this Court found no competent evidence in the record to support the trial court's findings of fact in its child support modification order in support of its conclusion of law that there had been a material change in circumstances warranting a modification of an existing child support order. We reversed that portion of the trial court's order, but declined to remand the issue for additional findings to be made by the trial court.
 
 Id.
 
 at 306,
 
 524 S.E.2d at 586
 
 .
 

 In doing so, this Court distinguished previous cases in which we reversed and remanded for additional findings of fact where the trial court's findings were insufficient to support its conclusions of law but competent evidence in the record would have supported additional findings that would then, in turn, have ultimately supported those conclusions of law, holding as follows:
 

 *196
 
 The findings in the [child support order] were thus insufficient to support the trial court's conclusion therein that "there ha[d] been a substantial and material change in circumstances warranting a modification" of the existing child support order.
 

 In such circumstance, we have on an earlier occasion reversed the trial court's order and remanded the matter for further findings relative to retroactive child support. In the case
 
 sub judice,
 
 however,
 
 the instant record reflects no competent evidence sufficient to support findings sustaining the conclusion of law
 
 ....
 

 ... We therefore decline to remand this matter for additional findings regarding the trial court's order of retroactive child support, but instead simply reverse that award.
 

 Id.
 
 at 305-06,
 
 524 S.E.2d at 586
 
 (emphasis added) (internal citations omitted);
 
 see
 

 Harnett Cnty. ex rel. De la Rosa v. De la Rosa
 
 , ---N.C.App. ----, ----,
 
 770 S.E.2d 106
 
 , 113-14 (2015) ("In some cases, we may remand a case to the trial court to make additional findings of fact based upon the evidence presented, but here, the lack of findings is due to the lack of evidence itself.... We therefore reverse[.]").
 

 Consequently, in light of this Court's decision in
 
 Biggs
 
 , we reverse the portion of the trial court's order concluding that no retroactive child support was owed by Defendant to Plaintiff pertaining to its erroneous finding that the parties shared joint custody of Melissa from August through the end of the 2013 calendar year where all of the evidence unambiguously demonstrated that Melissa was in Plaintiff's sole custody during that time period. We do, however, remand this portion of the order to the trial court for the limited purpose of recalculating the amount of retroactive child support Plaintiff is entitled to recover from Defendant in light of our holding.
 

 Conclusion
 

 For the reasons stated above, the portion of the trial court's order pertaining to the valuation of Defendant's income is affirmed. The portion of the order concerning the amount of retroactive child support owed by Defendant pertaining to Henry is vacated and we remand for additional findings of fact and recalculation of the amount of retroactive child support-if any-owed. The portions of the order based upon the finding that Melissa was in the joint custody of both Plaintiff and Defendant from August through the end of the 2013 calendar year is reversed and remanded to the trial court for the limited purpose of recalculating the amount of retroactive child support owed.
 
 [2]
 

 AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART; AND REMANDED.
 

 Judges DAVIS and INMAN concur.
 

 [1]
 

 Pseudonyms are used throughout this opinion to protect the identity of the minor children.
 

 [2]
 

 We also note that Defendant utilized an outdated version of the child support worksheets. On remand, we direct the trial court to ensure that the most recent version of the worksheets are used.