ESSIE LEE TRIPLETT v. ARLOW J. TRIPLETT

No. 7728DC690

(Filed 17 October 1978)

**Divorce and Alimony § 7— action for divorce from bed and board—spouses still living in same house**

A wife may maintain an action for divorce from bed and board and alimony while the husband is staying in the same house with her.

THE appeal in this case was earlier dismissed for failure of the appellant husband to comply with the Rules of Appellate Procedure. *Triplett v. Triplett*, 37 N.C. App. 283, 245 S.E. 2d 812 (1978). Upon motion to rehear it was stipulated by counsel that the record on appeal was in error with respect to the date of settlement of the record on appeal, and that, in fact, the record on appeal was certified by Clerk of Superior Court within ten days of settlement as required by App. R. 11(e).

With respect to the violation of App. R. 28(b)(3) appellant urges us to suspend that rule and consider the fundamental question raised by the appeal. That is: whether, or not a married couple may litigate their differences while living together? For the purposes of this rehearing we elect to suspend the operation of

App. R. 28(b)(3) and consider the foregoing question urged by appellant. App. R. 2.

This cause was heard in District Court, BUNCOMBE County, before *Sluder, Judge.* Judgment was entered 20 May 1977. The appeal was originally heard in this Court on 24 May 1978, and was reheard in this Court upon the foregoing conditions on 22 August 1978.

This is an action by plaintiff wife seeking a divorce from bed and board and alimony from defendant husband on the grounds of defendant's excessive use of alcohol and wilfull failure to provide her with necessary subsistence. The trial judge made findings of fact and conclusions of law. Based thereon he granted to plaintiff a divorce from bed and board, ordered payment of alimony by the defendant, and granted plaintiff possession of the house owned by the parties as tenants by the entireties and possession of the furnishings located therein.

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis, by Philip J. Smith, for the plaintiff.*

*Richard B. Ford and Loren D. Packer for the defendant.*

BROCK, Chief Judge.

The question which defendant contends is raised by this appeal (whether or not a married couple may litigate their differences while living together?) is stated much too broadly, and we will not address all the ramifications of the question as stated. Apropos to the present case the question raised is as follows: may a wife pursue an action for divorce from bed and board and alimony while the husband is staying in the same house with her?

The record on appeal discloses the following: Since 1973 defendant husband has been a resident of Louisville, Kentucky, where he is regularly employed by the Veterans Administration Hospital. Prior to 1973 the parties resided in Swannanoa, Buncombe County, North Carolina, at which time defendant was employed by the Veterans Administration Hospital in Buncombe County. For many years, and down to the time of trial, defendant has been an excessive user of alcohol, and this is the reason plaintiff refused to move to Kentucky with him.

After defendant moved to Kentucky, plaintiff visited defendant in Kentucky, and the two took several trips together to visit their children. Also defendant returned on numerous occasions for visits to the parties' home in Swannanoa. During all of these periods defendant continued to consume excessive amounts of alcoholic beverages.

The complaint in this action was filed on 16 August 1976, and defendant's answer was filed 30 September 1976. Thereafter defendant stayed in the parties' home in Swannanoa for three or four days in November 1976, for about five days in February 1977, and was staying in the Swannanoa home during the time of the hearing in the trial court in May 1977.

Defendant's reliance upon the holding in *In re Estate of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976) is clearly misplaced. In *Adamee* the plaintiff was seeking an absolute divorce on the grounds of separation. In the present case the plaintiff seeks only a divorce from bed and board and alimony. Indeed such an action may be the only method by which the injured spouse can obtain a writ for exclusive possession of the home so as to keep the offending spouse from continuing to stay in the home.

In the present case the trial judge concluded from adequate facts found from competent evidence, *inter alia*:

"The defendant has constructively abandoned the plaintiff as a result of his failure to provide reasonable and adequate support to the plaintiff."

"The defendant is an excessive user of alcohol so as to render the condition of the plaintiff intolerable and her life burdensome as provided in North Carolina General Statutes 50-7(5) and 50-16.2(9)."

Based upon his conclusions the trial judge awarded alimony to plaintiff and also awarded to plaintiff the sole possession of the home and furnishings.

There is no requirement for a separation of the parties in the sense of one moving out of the home before an action can be instituted and prosecuted under G.S. 50-7 for divorce from bed and board. "A divorce from bed and board is nothing more than a judicial separation; that is, an authorized separation of the hus-

band and wife. Such divorce merely suspends the effect of the marriage as to cohabitation, but does not dissolve the marriage bond." *Schlagel v. Schlagel*, 253 N.C. 787, 790, 117 S.E. 2d 790, 793 (1961).

Affirmed.

Judges CLARK and WEBB concur.