WILFRED SLIGHT, Plaintiff,
v.
BETTY SLIGHT, Defendant.
No. COA09-107
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Thomas R. Sallenger for plaintiff.
W. Michael Spivey for defendant.
ELMORE, Judge.
Wilfred Slight (Wilfred or plaintiff) and Betty Slight (Betty or defendant) were married on 3 November 2003. On 4 January 2008, Wilfred filed for divorce from bed and board, claiming among other things that Betty had been unfaithful. After a trial, the court granted a divorce from bed and board on 5 September 2008.
In its order, the court found, inter alia, that: (1) evidence of infidelity on Betty's part had been presented through Betty's own testimony; (2) Betty "failed to establish any ground necessary for alimony or post separation support"; and (3) Betty was not a dependent spouse. The court ordered, inter alia, that Wilfred pay Betty $100.00 per month in post-separation support for a maximum of twelve months, and that Betty vacate Wilfred's house within fifteen days of the hearing. Betty appealed to this Court. For the reasons below, we affirm.

I
Defendant first argues that the trial court failed to make findings of fact and conclusions of law that support certain parts of the order. We disagree.
Our standard of review is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." Sessler v. Marsh, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001) (citation omitted).
Defendant first argues that the trial court's finding of fact that she committed adultery was not based on competent evidence in the record, and that the trial court's conclusions of law that she was not a dependent spouse and calculation of post-separation support were not supported by appropriate findings of fact. We disagree.
At trial, plaintiff stated that he had come across salacious emails sent between defendant and her ex-husband that indicated the two were having an affair, meeting when plaintiff was out of town. These emails were introduced as evidence and included specific mentions of dates and locations where the two planned to meet, as well as sexually explicit messages indicating that she and the recipient, her ex-husband, were presently engaged in an affair. Further, defendant testified at trial that she had created a dating profile on the website "Date a Millionaire." As our Supreme Court has noted, with regard to proving adultery has occurred, "it is usually proved by circumstances  rarely by positive and direct evidence of the adulterous acts. It is not necessary that the [persons having an affair] should have been seen bedding and cohabiting together." State v. Rineheart, 106 N.C. 787, 790, 11 S.E. 512, 513 (1890). The emails and defendant's testimony constitute competent evidence on which the court based its finding of fact that infidelity had been committed by defendant.
We next turn to defendant's argument that the trial court did not make proper findings of fact to support its conclusion that she was not a dependent spouse, and therefore did not properly consider the issue of post-separation support or alimony.
"The decision to award alimony is a matter within the trial judge's sound discretion and is not reviewable on appeal absent a manifest abuse of discretion." Alvarez v. Alvarez, 134 N.C. App. 321, 323, 517 S.E.2d 420, 422 (1999). Even in cases where one spouse is dependent on the other, "[i]f the court finds that the dependent spouse participated in an act of illicit sexual behavior. . . during the marriage and prior to or on the date of separation, the court shall not award alimony." N.C. Gen. Stat. § 50-16.3A (2007). "[I]llicit sexual behavior" is explained as, among other things, sexual acts or sexual intercourse. Id. As such, even had defendant been adjudged as a dependent spouse, the trial court's finding of fact concerning defendant's infidelity  a finding which was supported by evidence, as discussed supra  was a bar to her receiving any alimony. Thus, whether or not defendant was a dependent spouse who would therefore be eligible for alimony is moot.
As such, we overrule defendant's argument on this point. We note that neither party contests the $100.00 per month post-separation support awarded by the trial court, so we do not address that portion of the order.

II
Defendant next argues that the trial court erred by concluding that it had subject matter jurisdiction over the equitable distribution claim asserted by plaintiff. We disagree.
Defendant argues that equitable distribution of assets cannot occur until a husband and wife live separately, citing N.C. Gen. Stat. § 50-21(a), which states: "At any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed and adjudicated[.]" N.C. Gen. Stat. § 50-21(a) (2007) (emphasis added). However, the trial court here never entertained any discussion on equitable distribution and made no findings or orders concerning equitable distribution. Indeed, plaintiff's counsel stated at trial "this is not an ED hearing[.]" The trial concerned only a divorce from bed and board.
As such, the trial court's jurisdiction over equitable jurisdiction is irrelevant, and defendant's argument is overruled.

III
Finally, defendant argues that the trial court abused its discretion by ordering her to vacate plaintiff's home. We disagree.
Defendant's argument on this point is identical to her argument in Section II, supra, namely that the trial court did not have "subject matter jurisdiction over the equitable distribution claim." As stated above, the trial court's order did not concern any issues of equitable distribution, and a divorce from bed and board is merely a judicial decision ordering a spouse out of the house, not a part of the equitable distribution process. Triplett v. Triplett, 38 N.C. App. 364, 366, 248 S.E.2d 69, 70 (1978). As such, the trial court did not abuse its discretion in ordering defendant to vacate the house.
Affirmed.
Judges BRYANT and CALABRIA concur.
Report per Rule 30(e).